STATE, use of JOHNSON, *et ux. vs.* GREEN, Executor of GREEN.—*December*, 1832.

The plea of limitations cannot be amended, though the amended plea is filed before the rule day has expired.   But if a plaintiff amends his declaration, the defendant may plead limitations anew.

A guardian's bond, as respects the plea of limitations, is, by the act of 1798, *ch.* 101, *sub-ch.* 12, *sec.* 4, placed on the same footing with testamentary and administration bonds.

The term within which suits must be brought on guardians' bonds, according to the act of 1729, *ch.* 24, *sec.* 21, is twelve years after the passing of the bonds.

A plea of limitations to conform to the act assembly, must allege that *twelve years have elapsed* from the passing of the bond in the declaration mentioned, before the issuing of the original writ in the cause, or it must contain some equivalent averment.

Where a plaintiff sued out a writ in debt for £5000, and afterwards, by permission of the County Court, amended his writ to debt for £1500, the defendant pleaded limitations in bar, and had judgment of the County Court upon general demurrer.   Upon appeal, the judgment was reversed, but as a writ cannot be amended, and the plea of limitations would be a conclusive answer to an amended declaration conforming to the original writ, this court refused a *procedendo*.

APPEAL from *Charles* County Court.

On the 10th of July, 1826, the appellants, *Johnson* and wife, formerly *Mary Coomes,* instituted an action against the appellee, on the testamentary bond of one *Teresa Coomes,* as executrix of *Wm. Coomes,* dated July 29th, 1799, in the penalty of £5000 – the said *Teresa Coomes* having subsequently intermarried with *James R. Green,* the testator of the appellee.

After various continuances, and amendments of the pleadings, the appellants asked and obtained leave to amend

their declaration; and in pursuance thereof, at March term, 1831, declared on a bond executed by the appellee's testator, as guardian to the aforesaid *Mary Coomes,* (now *Mary Johnson,*) dated August 14th, 1804, in the penalty of £1500.

The defendant pleaded, 1st. General performance. 2d. That the said State, its action aforesaid to have or maintain ought not, because the debt, in the condition of the writing obligatory aforesaid mentioned, hath been standing, and in action above twelve years, before the day of the issuing the original writ in this cause, &c.

The plaintiff demurred specially to the plea of limitations. 1st. Because the bond is with a collateral condition, and the plea states as the debt, the sum mentioned in said condition. 2d. Because the plea does not set out the bond.

The defendant joined in the demurrer, which the County Court sustained, and ruled the plea of limitations to be insufficient.

Leave was then, at the same term, asked and obtained by the defendant to amend her plea.

The amended plea stated, that the State, its action against her to have or maintain ought not, because the debt in the condition of the writing obligatory aforesaid mentioned, hath been standing, and in action above twelve years, before the day of issuing the original writ in this cause, &c.

The plaintiff then prayed the court, not to receive this plea of limitations, which prayer being overruled, a general demurrer was filed, in which the defendant joined.

In the argument of the cause below, the plaintiff contended. 1st. That the plea of limitations cannot be amended. 2d. That under the rule of court, the plea of limitations cannot be amended, unless the declaration to which it is an answer is first amended, and relied upon the 24th rule, which is stated thus. "If the defendant neglects to plead by the rule day, he shall not plead the act of limitations, unless the declaration shall be amended."

The County Court overruled the demurrer, and gave judgment for the defendant; the plaintiff thereupon brought the case by appeal to this court.

The cause was argued before BUCHANAN, Ch. *J.*, EARLE, ARCHER, and DORSEY, J.

*V. H. Dorsey*, for the appellants.

1. The plea of the statute of limitations cannot be amended. 1 *Harr. and McHen.* 400. 3 *Ib.* 324. *Wall vs. Wall*, 2 *Harr. and Gill*, 81.

2. But if the plea is amendable, the amended plea is defective, and bad on general demurrer. The act of 1778, *ch.* 101, *sub-ch.* 12, *sec.* 4, places guardian and testamentary bonds on the same footing, and the plea should allege that twelve years have elapsed from the passing of the bond. 2 *Evans' Harr.* 67.

*Brewer* and *Stonestreet*, for the appellee.

1. This plea of limitations is good on the demurrer. Act of 1715, *ch.* 23, *sec.* 6. 1792, *ch.* 24, *sec.* 21. 3 *Harr. and McHen.* 324. 2. Although, as a general rule, it may be admitted that the plea of limitations is not amendable; yet when, as in this case, the amendment is made, before the rule day to plead, there can be no valid objection to it. 3 *Harr. and McHen.* 324. 3. But even if the plea could not under the circumstances be amended, still as the plaintiff has not excepted to the decision of the court, refusing his prayer, but on the contrary has demurred to the plea, he must be considered as having acquiesced in that decision. 3 *Harr. and Johns.* 9. 4. The point as to the amendment of the plea, is not raised or made under the act of 1825, nor can it now be made on the record. 5. There being no answer to the plea of performance, the defendant must have judgment. 6. But leave was granted to amend the nar, and under that leave the case was changed from an action on a testamentary bond, to an action on a guardian's bond. This they insisted could not be done. The character in which the party was originally sued was changed by this amendment, and the questions in litigation were altered by it. 7 *Harr. and Johns.* 251. 2 *Gill and Johns.* 365.

DORSEY, J., delivered the opinion of the court.

The record presents two questions for determination. The first is, can the plea of limitations be amended, where the amended plea is filed, before the rule day has expired ?

We are of opinion that it cannot. This court have said in *Wall vs. Wall*, 2 *Harr. and Gill*, 79, that "the plea of limitations has been adjudged not to be a plea to the merits ; and the universal practice has accordingly been, never to permit it to be amended ; and to demand that it should be filed by the rule day." The County Court therefore erred in refusing the plaintiff's prayer, that the amended plea of limitations should not be received.

The second question is, were the court right in overruling the demurrer to this plea ?

By the act of 1798, *ch.* 101, *sub-ch.* 12, *sec.* 4, it is enacted, that the bond given by a guardian, "shall be recorded, and shall be subject to be put in suit, and be in all respects on a footing with the bond given by an executor or administrator." A guardian's bond therefore, as respects pleas of limitation, is placed on precisely the same footing with testamentary and administration bonds.

The time within which suits must be brought on guardians' bonds, is then, according to the act of 1729, *ch.* 24, *sec.* 21, "twelve years after the passing said bonds." A plea of limitations to conform to this act of assembly, must allege that twelve years have elapsed, from the passing of the bond in the declaration mentioned, before the issuing of the writ original in the cause ; or it must contain some equivalent averment. What does the plea under consideration in this respect state? "That the debt in the condition of the writing obligatory aforesaid mentioned, hath been standing and in action above twelve years." Now, by inspection of the bond set out in the plea, it will be seen that there is no debt mentioned in its condition. The plea therefore is utterly defective and inapplicable to such a bond ; and the demurrer should have been ruled good. For the errors assigned, the judgment of the County Court is reversed ;

but no *procedendo* should issue; it being manifest that the plaintiff can obtain no judgment in his favor in the court below. Not upon the testamentary bond, because the plea of limitations is an unanswerable bar to any suit that may be brought upon it. Not upon the guardian's bond, because, if the plea of limitations were not a conclusive bar, no recovery can be had without amending the writ; which this court on more than one occasion have determined, is not an amendment that the court below are authorised to permit.

JUDGMENT REVERSED.