S. ADELINE BYRD and JOHN W. CRISFIELD, Executors of WILLIAM J. BYRD *vs.* THE STATE, use of WILLIAM STEWART, Guardian of JOHN D. WALTER.

*Action on a Guardian's Bond—Statute of Limitations—Art. 57, sec. 3, of the Code—Demurrer to Pleas of the Statute of Limitations to an Action on a Guardian's bond.*

The time within which suit must be brought on a guardian's bond is different now from what it was before the adoption of the Code.

Since the adoption of the Code, the bar of the Statute of Limitations to an action on a guardian's bond, commences to run only from the time when the breach of the condition of the bond occurs; a plea therefore of the Statute, should aver in the language of the Code, Art. 57, sec. 3, "that the debt or thing in action" was above twelve years standing before suit brought; or should contain averments of equivalent import.

Case of several pleas of the Statute in such action, which were held bad on demurrer because of not containing the above or an equivalent averment.

D. was appointed guardian of a minor and was afterwards removed, and C., one of his sureties, appointed in his place. After passing two accounts in the Orphans' Court, C. was also removed and S. was appointed in his place. D. was ordered to pay over and deliver to S. all money, property and assets of every description belonging to the ward; this order was not obeyed. Neither C. nor S. in fact received any portion of the ward's money or property which came to D's hands. In an action upon the bond of D., it was HELD:

1st. That upon his failure to deliver the property as ordered by the Orphans' Court, his bond at once became liable to suit.

2nd. That it was no answer to the action that the second guardian charged himself with the funds in the hands of the first guardian, without in fact ever having received them.

3rd. That if C. had really charged himself with the property in his accounts, the ward had his election to sue on the bond of either D. or C., and if he sued upon the bond of the latter, and it was made to appear that C. had charged himself with the funds in the hands of his predecessor, though never

received by him, the action could be maintained, and C. and his sureties would be concluded by the admission thus made in the account.

4th. That nothing less than a faithful accounting for, and delivering up of the property of the ward by D. would discharge his bond, if that bond was elected to be sued on.

5th. That in such action on the bond of D. it was competent for the plaintiff to show that C. never did in fact receive the funds of the ward from D.

6th. That the defendant could not complain of the decision by the Court of an abstract question not affecting the right of recovery, and not given as an instruction to the jury.

The case of *Flickinger vs. Hull*, 5 *Gill*, 60, distinguished from this case.

APPEAL from the Circuit Court for Somerset County.

John W. Dougherty was appointed guardian of John D. Walter by the Orphans' Court of Somerset County, and gave bond as such guardian, dated ·November 3rd, 1857, with John W. Crisfield and William J. Byrd as his sureties. His guardianship was afterwards revoked, and his surety John W. Crisfield was appointed in his place. Crisfield was also subsequently removed and William Stewart was appointed to succeed him. The present action was brought 2nd of April, 1872, by Stewart as such guardian, in the name of the State, against S. Adeline Byrd and John W. Crisfield the executors of William J. Byrd as one of the sureties upon the bond given by John W. Dougherty as guardian. The defendants filed twenty-five pleas, the first nine of which were pleas of the Statute of Limitations, and were as follows:

1st. And the said defendants, by their attorney, John H. Handy, for plea, say, that the said William J. Byrd, the testator of defendants, did not at any time within twelve years next before the commencement of this suit, undertake or promise in manner and form as the said plaintiff hath above complained; and this the said defendants are ready to verify.

2nd. And for a second plea in this behalf, by leave of the Court first had and obtained, the defendants say, that the alleged cause of action did not accrue within twelve years before this suit.

3rd. And for a third plea in this behalf, by leave of the Court first had and obtained, the defendants say, that the plaintiff, her said suit against them to have and maintain, ought not, because they say that the cause of action in the said declaration supposed, did not, at any time within twelve years next before the commencement of the said action, accrue to the plaintiff, and this they are ready to verify. Wherefore they pray judgment, if the said plaintiff, her said action thereof against them ought to have or maintain, &c.

4th. And for another plea in this behalf, to the plaintiff's declaration, by leave, &c., the defendants say, that the plaintiff her said action to have or maintain ought not, because they say that the said Wm. J. Byrd, their testator, and the said John W. Dougherty and John W. Crisfield, did not, nor did either, or any of them, make the promises above supposed by the plaintiff in her declaration, any time within twelve years before the commencement of the plaintiff's action aforesaid, and this they are ready to verify. Wherefore they pray judgment, if the said plaintiff, her action aforesaid thereof against them shall have and maintain, &c.

5th. And for another plea in this behalf, by leave of the Court first had and obtained, the defendants say, that the plaintiff, her said suit to have and maintain, ought not, because they say that the writing obligatory in said declaration first mentioned, and averred to be signed and sealed by Wm. J. Byrd, the defendants' testator, together with John W. Dougherty and John W. Crisfield, was of more than twelve years standing at the time this action was instituted, and this they are ready to verify. Wherefore they pray judgment, if the said plaintiff, her action aforesaid thereof against them shall have and maintain, &c.

6th. And for another plea in this behalf, by leave of the Court first had and obtained, the defendants say, that the plaintiff, her said action against them to have and maintain, ought not, because they say that the said debt in the plaintiff's declaration first set out and averred, was above twelve years standing at the time this suit was instituted, and this they are ready to verify. Wherefore they pray judgment, if the said plaintiff, her action aforesaid against them shall have and maintain, &c.

7th. And for another plea in this behalf, by leave of the Court first had and obtained, the defendants say, that the said plaintiff, her said action to have and maintain against them, ought not, because they say that the said writing-obligatory first mentioned in said declaration, and alleged to have been signed and sealed by said William J. Byrd, together with John W. Dougherty and John W. Crisfield, was not approved and passed by the Orphans' Court of said Somerset County, within twelve years before the impetration of the original writ in this action, and this they are ready to verify. Wherefore they pray judgment, if the plaintiff, her said action against them ought to have and maintain, &c.

8th. And for another plea in this behalf, by leave of the Court first had and obtained, the defendants say, that the plaintiff, her said action to have and maintain, ought not, because they say the said William J. Byrd, the testator, signed and sealed the writing-obligatory first in the said plaintiff's declaration mentioned, as the surety in said writing-obligatory of said John W. Dougherty, and that the said writing-obligatory was of more than twelve years standing at the time the original writ in this action was sued out, and this they are ready to verify. Wherefore they pray judgment, if the plaintiff, her said action to have and maintain, ought, &c.

9th. And for another plea in this behalf, by leave of the Court first had and obtained, the defendants say, that the

plaintiff, her said action to have and maintain, ought not, because they say that the said William J. Byrd, their testator, signed and sealed the said writing-obligatory in the said declaration first mentioned, as the surety of said John W. Dougherty, and that the said writing-obligatory was not approved and passed by the Orphans' Court of said Somerset County, within twelve years before the commencement of this action, and this they are ready to verify; Wherefore they pray judgment, if the said plaintiff, her said action to have and maintain, ought, &c.

The substance of the thirteenth and fourteenth pleas, is sufficiently stated in the opinion of the Court; the other pleas it is not necessary to notice. The plaintiff demurred to the first, fourth, fifth, sixth, seventh, eighth, ninth, thirteenth and fourteenth pleas, and the demurrers were sustained.

*First Exception.*—The plaintiff, with other evidence, offered an account passed in the Orphans' Court by John W. Dougherty as guardian for his said ward. And then offered the said John W. Crisfield, as a witness, to prove that he had never received any money from said John W. Dougherty, in payment of the balance stated to be due in said account, and asked the following question: "Have you ever received from John W. Dougherty, the late guardian of John D. Walter, any of the moneys, property or effects, of the said John D. Walter?" To which question the defendants' counsel objected, but the Court, (FRANKLIN, J.,) overruled the objection, and permitted the question to be asked. Whereupon the witness replied "that he had not." The defendants excepted.

*Second Exception.*—The witness was then asked the following question: "Did you ever as guardian of John D. Walter, receive from John W. Dougherty, moneys, funds, property or effects of the said John D. Walter?" To which question the defendants objected, but the Court overruled the objection and permitted the question to be

asked, and the witness replied, "he had not." The defendant excepted.

*Third Exception.*—The equitable plaintiff, then offered himself as a witness, and proved that he had never received any of the moneys or effects of his ward, John D. Walter, from either John W. Dougherty or John W. Crisfield. On cross-examination he stated that he had paid out, on account of said ward, and to him, eleven hundred and eighty-four dollars, and produced receipts and statements of the same. And proved that said ward was made of age by the Act of Assembly passed at the session of 1872. On re-examination, he was asked the following question by the plaintiff's counsel: "Why did you pay this money?" To which question the defendants objected, but the Court overruled the objection and permitted the question to be asked, when witness stated that the ward was in necessity, and that after he became of age by virtue of the Act of Assembly, he desired to go into business, and that witness advanced him the money, expecting to get it back out of the proceeds of this suit, if he gained it, and if he did not gain this suit, that he was liable as security of John W. Crisfield, and that the money would pass through his hands any how, and that that was the understanding between him and his ward. The defendants excepted.

*Fourth Exception.*—Two guardian's accounts passed by John W. Crisfield in the Orphans' Court having been offered in evidence by the defendants they asked the Court to give a construction to the said accounts. The Court, on such request, gave the following construction: "That the said accounts furnished no evidence that John W. Crisfield thereby charged himself, as guardian, with the sum of money therein stated to be due to John D. Walter, his ward." To which construction of said accounts, and the decision of the Court thereon, the defendants excepted.

*Fifth Exception.*—The defendants then offered the following prayers:

1. That if the jury believe from the evidence, that John W. Crisfield, the former guardian of John D. Walter, rendered the accounts offered in evidence as having been passed by him on the 28th of March, 1870, and the 13th of January, 1871, to the Orphans' Court, and that the same were proved and passed and ordered to be and were recorded by the Orphans' Court, that then the legal effect of the same is to charge himself with the amount of $2021.94 cents, principal, and $144.89 interest, in the first, and with $1881.57 principal, and $116.48 interest, in the second; and that the balance, as stated by said second account of $1416.70 is by said last account charged by said John W. Crisfield to himself, as due from him at that date to his ward, John D. Walter, and that the verdict must be for the defendants.

2. That the legal effect of the accounts offered in evidence, as having been passed by John W. Crisfield, guardian of John D. Walter, in the Orphans' Court, is to charge the said John W. Crisfield, as guardian, with the respective amounts there stated to be due to the said John D. Walter, minor, and that their verdict must be for the defendants.

3. That if the jury shall find from the evidence that John W. Crisfield charged himself, as guardian, with the sums of money stated as due to John D. Walter, his ward, by the guardian's accounts passed by him in the Orphans' Court, and offered in evidence, that then the verdict must be for the defendants, though they may believe from the evidence that John W. Crisfield never received the said sums, or any part thereof, from John W. Dougherty.

4. That if the jury shall find from the evidence that John W. Crisfield recognized a liability to John D. Walter, for the sums of money due to him on the guardian's accounts of John Ware Dougherty, and recognizing his liability, charged himself with said sums so due from said Dougherty, that then their verdict must be for the

defendants; though they find said Crisfield did not receive said sums, or any part thereof, from said Dougherty.

8. The defendants pray the Court to rule out the evidence of John W. Crisfield, as to his not having received any of the money due from John W. Dougherty, as guardian of John D. Walter, as being incompetent, immaterial and irrelevant.

The fifth, sixth and seventh prayers were not in the record.

And the plaintiff offered the following prayers:

1. That if the jury shall find that John W. Dougherty was appointed guardian of John D. Walter, and gave bond with William J. Byrd and John W. Crisfield, his sureties, and that the said Dougherty, as guardian, received certain moneys belonging to the said Walter and that he passed the account in the Orphans' Court, offered in evidence, and that afterwards the said Dougherty was removed from the said guardianship by the Orphans' Court, and John W. Crisfield was appointed guardian to the said John D. Walter, in his place, and that the said Crisfield gave bond, which was duly approved, and that afterwards the said John W. Crisfield was removed as guardian as aforesaid, and William Stewart was appointed guardian of said Walter in the place of said Crisfield; and if they shall further find that the said John W. Dougherty, never paid over any moneys which he, the said Dougherty, had received for or on account of said guardianship, (if they shall find the said Dougherty received any such moneys,) to the said John W. Crisfield, guardian of said Walter; and if they further find that by the order of the Orphans' Court of Somerset County, (if they shall find such order) the said John W. Dougherty was afterwards ordered to deliver up and pay over to said William Stewart, guardian of said Walter, all the property and moneys due the said ward, on or before the 1st of March, 1872, of which said order the said Dougherty was notified; and if

they shall find that by the last account of the said Dougherty, guardian, &c., (if they shall find such account,) that there was the sum of $2021.25 cts. still remaining in the hands of the said Dougherty, as guardian of said Walter, belonging to said Walter, and that the said Dougherty never paid the same to the said Stewart, guardian as aforesaid, then their verdict must be for the plaintiff, even if they further find that the said Stewart has advanced to the said Walter, at divers times, the several sums offered in evidence ; and though they further find that the said Crisfield, as guardian, passed in the Orphans' Court the two accounts offered in evidence, unless they shall further find that the said Crisfield, by the said accounts, intended at that time to charge himself as guardian for the whole amount due to said ward.

2. That if the jury shall find for the plaintiff, their damages must be for the sum of money, with interest from the date of the account, due upon the said last account of said Dougherty, as guardian, (if they shall find said account, and that any thing was due thereon) less such sum as they may find the said Crisfield has paid or charged himself with, by the two accounts passed by the said Crisfield, as guardian, in the Orphans' Court, if they shall find he passed two such accounts, and so paid or charged himself.

The Court granted the prayers of the plaintiff and refused those of the defendants. The defendants excepted. The jury rendered a verdict for the plaintiff and judgment was entered accordingly. The defendants appealed.

The cause was argued before BARTOL, C. J., ALVEY and ROBINSON, J., and BOWIE, J. participated in the decision.

*John H. Handy*, for the appellants.

*Henry Page*, for the appellee.

Byrd and Crisfield, Ex'rs *vs.* State, use of Stewart, Guard.

ALVEY, J., delivered the opinion of the Court.

This is an action on a guardian's bond, and, among various other pleas, the Statute of Limitations was pleaded in nine different forms; to all of which pleas of the Statute, except the second and third, the plaintiff demurred.

Before the adoption of the Code, the proper mode of pleading the bar of the Statute of Limitations to an action on a guardian's bond, was to allege that twelve years had elapsed from *the passing of the bond* in the declaration mentioned, before the issuing of the writ original in the cause. *Act of* 1729, *ch.* 24, *sec.* 21 ; 1798, *ch.* 101, *sub-ch.* 12, *sec.* 4; *State, use of Johnson vs. Green,* 4 *G. & J.,* 381. But, in the adoption of the Code, the law was changed, as decided in the case of *Thruston vs. Blackiston,* 36 *Md.,* 501 ; and since that time the bar commences to run only from the time when the breach of the condition of the bond occurs. The plea should therefore aver, in the language of the Code, Art. 57, sec. 3, that "the debt or thing in action" was above twelve years standing, before suit brought ; or should contain averments of equivalent import. Here, the pleas demurred to all fail to make such proper averments as to constitute a bar, under the provisions of the Statute as now construed ; and hence the judgment of the Court below, sustaining the demurrers to those pleas, was correct, and must, therefore, be affirmed.

The first guardian, Dougherty, was removed, and Crisfield, one of the sureties on his bond, was appointed in his stead ; and the main question in the case is as to the legal effect of certain charges in Crisfield's accounts settled in the Orphans' Court, as means of releasing the first guardian's bond,—that upon which this suit is brought.

By the first of Crisfield's accounts, approved and passed by the Orphans' Court on the 5th of April, 1870, he charged himself with the *interest* on $2,021.90, balance of

the ward's principal due from the former guardian, as per
account of profits passed on the 8th of December, 1868;
and, on the credit side of the account, after deducting
the amount expended in excess of profits, the sum of
$1,881.57 was declared to be the balance of the ward's
principal in money. And so in the second account, settled
on the 13th of January, 1871, he charged himself with
the *interest* on $1,881.57, balance of the ward's principal
due from the former guardian, and, on the credit side of
the account, after deducting the amount expended over
and above the amount of interest received, the sum of
$1,416.70 was declared to be the balance of the ward's
principal in money.

After the settlement of these accounts, Crisfield was
removed from the position of guardian, and Dr. William
Stewart, one of the sureties on Crisfield's guardian bond,
was appointed in his stead; and on the 23rd of January,
1872, the Orphans' Court, by its order, directed Dough-
erty, the original guardian to pay over and deliver to
Stewart all money, property, and assets of every descrip-
tion, belonging to the ward; but this order was in no
manner obeyed. The proof is, that neither Crisfield nor
Stewart received any portion of the ward's money or pro-
perty which came to Dougherty's hands. But, inasmuch
as Crisfield was one of the sureties on the guardian bond
of Dougherty, and therefore liable for any failure of the
guardian to account for or pay over the money or pro-
perty of the ward which came to his hands, it is contended
that the accounts stated by Crisfield have the effect of
charging him exclusively, and to the exoneration of the
former guardian's bond, with the amount stated to be in
Dougherty's hands, upon the principle, as decided in the
case of *Flickinger vs. Hull*, 5 *Gill*, 60, that where a guar-
dian becomes insolvent and dies, or is removed from office,
and his surety is appointed his successor, and the latter
charges himself with the balance due the ward from the

first guardian, this makes the second guardian liable to the ward, for the amount so charged. But while the principle relied on, as applied to a proper case, may be readily conceded, we fail to perceive that it can have any application to this case. *Flickinger vs. Hull* was not an action on a guardian's bond, but was a case in equity by one co-surety on a guardian's bond against another, seeking to have ascertained and adjusted the due proportions to which each surety was liable on account of the common debt. In that case, as in this, one of the sureties on the first guardian's bond became the second guardian, and he charged himself with the balance due from his predecessor, without in fact receiving any part of the ward's funds; and as between such second guardian and his co-surety on the first guardian's bond, it was held, that a surety who had become constructively liable at law to the principal creditor by charging himself with sums he had not in fact received, would not be concluded in equity, in relation to his co-surety originally liable for contribution, by the admission thus made in stating his account. That was the leading proposition settled in the case of *Flickinger vs. Hull;* but it is quite clear that the determination of this case depends upon no such principle.

The condition of the bond sued on is, that the guardian shall faithfully account with the Orphans' Court, as directed by law, and also *deliver up* the ward's property agreeably to the order of the Orphans' Court, or the directions of law, and in all respects perform the duties of guardian according to law. The Orphans' Court ordered the property to be delivered up, and that order was disregarded, and it is not pretended that the property of the ward was ever in *fact* delivered to the second guardian. Upon failure to deliver the property, as ordered by the Orphans' Court, the bond at once became liable to suit. *Code, Art.* 93, *secs.* 158, 187, 189. And it is no answer to the action that the second guardian charged himself

with the funds in the hands of the first guardian, without in fact ever having received them. The estate of the ward cannot be divested in that way, nor will the bond be released, or the order of the Orphans' Court, directing the property to be delivered up, be gratified, upon the mere charging of the funds in the account of the succeeding guardian, when in fact he has never received them. It is true, the ward cannot recover on more than one bond for and in respect of the same property or funds; but then, in a case where the second guardian has really charged himself, the ward has his election; and if this were an action on the second guardian's bond, that given by Crisfield, and it was made to appear that he had charged himself with the funds in the hands of his predecessor, though never received by him, an action could be maintained upon the bond, and the guardian and his sureties would be concluded by the admission thus made in the account. They would not be allowed, after such solemn admission, made the basis of an account in the Orphans' Court, to controvert the fact of the receipt of the funds thus charged. But here, it is not necessary to invoke the aid of such an estoppel; the right to recover depending upon the simple fact of the first guardian's failure to deliver up and pay over the funds of the ward, according to the order of the Orphans' Court.

The 13th and 14th pleas of the defendants clearly formed no bar to the action, and the demurrers thereto were properly sustained. The point of both of those pleas appear to be, that *by reason* of Crisfield's relation to the first guardian as surety, and his being one of the executors of Byrd, the other surety on the first guardian's bond, and his appointment of guardian in the place of the first guardian removed, *he thereby became possessed of all the moneys and property* belonging to the ward, of which the first guardian had been possessed, or for which he was accountable. But, as we have already said, such was not

the necessary legal consequence of the appointment of the second guardian, under the facts as disclosed in the pleas. Nothing less than a faithful accounting for and delivering up the property of the ward, by the first guardian, will discharge the bond.

It being competent to the plaintiff to show that Crisfield never did in fact receive the funds of the ward from the first guardian Dougherty, it follows that there was no error in the Court's rulings on the first three exceptions taken by the defendants ; nor can we perceive any error, of which the defendants can complain, in the ruling on the fourth exception. The Court was asked to construe the accounts settled by Crisfield, and determine whether they furnished evidence that he had *charged* himself with the funds in the hands of Dougherty, the former guardian ; whereupon the Court declared its opinion to the effect that such accounts furnished no evidence of that fact. This opinion does not appear to have been given as an instruction to the jury ; and as the whole question seems to have been as to the effect of the mere charge in the accounts, without pretending that Crisfield had in fact received the funds from his predecessor, it was but an abstract question, and one that did not affect the plaintiff's right to recover on the bond in suit, even if it were conceded that the accounts did furnish evidence of such charge. Besides, by the instructions granted at the instance of the plaintiff, the right to recover was made to depend upon the fact, to be found by the jury, whether Crisfield really intended at the time to charge himself as guardian with the whole amount due the ward from the former guardian Dougherty. The defendants were thus given the benefit of a defence to which they were not entitled ; for the question should have been, not whether Crisfield had simply charged himself with the fund, but whether he had in fact received it from the guardian whose bond is now sued.

As to the prayers offered by the defendants, they all proceed upon the theory that, if Crisfield charged himself

in the accounts settled by him with the funds in the hands of the first guardian, then, by operation of law, the bond of such first guardian was thereby discharged, without reference to the fact whether the funds had been paid over or not, and that the only remedy for the ward would be against the bond of Crisfield, the second guardian. In this we do not concur, and think all the prayers of the defendants were properly rejected.

*Judgment affirmed.*

(Decided 10th May, 1876.)