LAMBERT P. KIRBY, and others, Surviving Obligors of JOSEPH V. B. WRIGHT *vs.* STATE OF MARYLAND, use of ALEXIS A. PASCAULT, Adm'r d. b. n. c. t. a. of ELIZABETH KENNARD.

*Distribution of a Fund in Equity from a Trustee to an Administrator—Transfer by Operation of Law of a Fund in a Trustee's Hands to himself as Administrator—The Administrator's Account, Evidence—Evidence as to Waste or a Devastavit by the Trustee—Presumption of a Transfer by Operation of Law—Construction of Art. 93, secs. 224 and 225, of the Code.*

Proceedings were instituted in a Circuit Court by an executor to foreclose a mortgage due to his testatrix; a decree was passed for the sale of the mortgaged premises, and the executor was appointed trustee, who died before a sale was effected, and W. was appointed trustee in his place, sold the property and reported the sale, which was finally ratified. HELD:

That letters *de bonis non* should be taken out upon the estate of the mortgagee, so that the auditor might distribute the fund to a duly appointed administrator.

W. as trustee, under a decree of a Circuit Court, in October, 1873, sold certain mortgaged premises, which sale was finally ratified in October, 1874. In May, 1876, W. was appointed administrator *d. b. n. c. t. a.* of the mortgagee, and in June, 1876, under order of the Circuit Court the fund in the hands of W., trustee, was distributed by the auditor to W., administrator. In November, 1876, W. prepared his first and final administration account in the Orphans' Court, in which he charged himself with the money distributed to him as administrator. In January, 1877, W. died without having made affidavit to the account, which was sworn to by his executrix and filed in the office of the Register of Wills. In a suit brought against the appellants as sureties, on W's administration bond to recover the money received by him as administrator, it was HELD:

1st. That under the facts of this case the fund which W. held as trustee should be considered as having been transferred by operation of law to him as administrator.

2nd. That the account prepared by W. was admissible evidence in this case; the proof offered having failed to establish a *devastavit*, or a waste of the fund by him while trustee, and his inability to pay it when administrator.

3rd. That the proof of a *devastavit* by W. while trustee, was upon the appellants; and that the appellee, to avail himself of the benefit of a presumption of transfer by operation of law was not required to do more than to show that W. in the one character was debtor, and in the other, creditor.

The presumption of a transfer by operation of law is not made conclusive from the fact, that a person who had property in his possession as trustee, has, at his will, charged himself with it in a new capacity of administrator. If the property has been actually wasted and squandered, neither the presumption of law nor the admission of the party will always operate a transfer, when in reality nothing existed to transfer.

A *devastavit* is not implied, if a trustee does not attach a mark to his trust money and keep it in some separate place, apart from all other moneys.

The general doctrine is well settled, that where a man holds money in several capacities, the law will attach to him liability in that capacity, in which of right the money ought to be held.

Sections 224 and 225 of Art. 93, of the Code, are in derogation of the common law, and must be restricted to cases of indebtedness strictly falling within them; they refer to "claims which the deceased had against" the executor or administrator, and look to certain proceedings to be had, or to the return of the debt in the list of debts, as necessary to make a debt due by such executor or administrator stand as if it were so much money in his hands.

. APPEAL from the Circuit Court for Talbot County.

The case is stated in the opinion of the Court.

*Exceptions.*—At the trial the plaintiff offered the following prayers:

1. The plaintiff prays the opinion of the Court, that if they find from the evidence, that after the 2nd day of June, 1876, Joseph V. B. Wright received from Colonel Hambleton, the sum of $2500.00, and the further sum of $1234.41, on account of the purchase money of the real estate mentioned in the proceedings, wherein Elizabeth Kennard was complainant, and John Outram and wife were respondents, then the defendants are liable for said sums of money, and the plaintiff is entitled to recover the same.

2. The plaintiff prays the opinion of the Court, that if they find from the evidence, that Joseph V. B. Wright was appointed trustee in place of Philemon T. Kennard, deceased, to complete the trust in the cause of *Kennard vs. Outram, et al.,* and that after complying with the terms of said decree, by giving bond as required by the decree in said cause, the said Joseph V. B. Wright sold the real estate in said proceedings mentioned, and received the purchase money therefor; and if they shall further find from the evidence, that after the ratification of said sale, the said Joseph V. B. Wright was appointed and duly qualified as administrator *de bonis non, cum testamento annexo,* of Elizabeth Kennard, the complainant in said cause of *Kennard vs. Outram, et al.;* and if they shall further find from the evidence that afterwards, on the 1st day of June, 1876, the said Joseph V. B. Wright, as administrator *de bonis non, cum testamento annexo,* of said Elizabeth Kennard, deceased, filed in said cause of *Kennard vs. Outram, et al.,* his petition, praying that the said Joseph V. B. Wright, trustee aforesaid, should pay the said Joseph V. B. Wright, administrator *de bonis non, cum testamento annexo,* of Elizabeth Kennard, deceased, the fund in said cause, and that on the 2nd day of June, 1876, the Circuit Court for Talbot County, wherein said cause of *Kennard vs. Outram, et al.,* was pending, ordered the said Wright, as trustee, to pay to the said Wright, as

administrator, *d. b. n., c..t. a.* of Elizabeth Kennard, deceased, the sum of $12,333.65 ; and shall further find, that the said Wright, sometime during the month of November, in the year 1876, applied to the Register of Wills of Talbot County, and directed him to state an account, charging him, as administrator *de bonis non, cum testamento annexo,* of Elizabeth Kennard, deceased, with the said sum of $12,333.65, and that the Register of Wills, in accordance with such directions, did state an account, charging said Wright, as administrator *d. b. n., c. t. a.* of Elizabeth Kennard, with said sum of money, which he subsequently presented to said Wright, who said it was correct, and that said Wright died before said account was approved by the Orphans' Court of Talbot County, that then the plaintiff is entitled to recover.

And the defendants offered the following prayers:

1. If the Court shall find that the said Joseph V. B. Wright did, on or about the 5th day of June, 1872, receive of John Outram, the sum of $4000, on account of the purchase money for lands sold by said Wright, as trustee for the sale of the real estate of John Outram; that he received the further sum of $1000, on the same account, on or about the the 15th day of October, in the year 1873 ; that he did, on or about the 16th day of October, in the year 1873, receive the sum of $5500, on the same account; that he did, on or about the 1st day of August, in the year 1874, receive the further sum of $2500, on the same account; that he did, on the date of the several payments aforesaid, or within a few days thereafter, respectively, deposit the said several sums of money to his individual credit, in the Easton National Bank of Maryland, and that he, the said Joseph V. B. Wright, before the granting of letters of administration *d. b. n., c. t. a.* to him, upon the estate of the said Elizabeth Kennard, and before the execution of the bond, whereon this action is brought, did, either in execution or in violation of the trust afore-

said, withdraw from said bank the said several sums of money, or any of them, and pay the same away, then the said plaintiff is not entitled to recover from the defendants said sum or sums of money so withdrawn and paid away, unless they further find that said sum or sums of money so paid on account of the trust aforesaid, came into the hands of the said Joseph V. B. Wright thereafter.

2. If the Court shall find that Joseph V. B. Wright was appointed trustee to make sale of the real estate of John Outram, on or about the 5th day of October, in the year 1870, by a decree of the Circuit Court for Talbot County; that he did make sale of the said real estate, and that the proceeds of said sale were by him collected and received; that on or about the 13th day of ———, in the year 1870, the said Joseph V. B. Wright was appointed administrator of Philemon T. Kennard; and that on or or about the 20th day of August, in the year 1874, the said Joseph V. B. Wright, as administrator of said Philemon T. Kennard, assigned to his sureties on the trustee's bond, under the decree aforesaid, to indemnify them against loss, by reason of their suretyship, an account of said Philemon T. Kennard against the estate of James Lloyd Martin; that said sureties had notice that said account belonged to the estate of said P. T. Kennard, collected the moneys thereon, and held the same until the audit in the aforesaid chancery cause was ratified, and then paid the same to the said Joseph V. B. Wright, if they find that the said Joseph V. B. Wright was in fact insolvent and in debt to the estate of said P. T. Kennard, then they shall find said sum of money passed into the hands of Joseph V. B. Wright, as administrator of P. T. Kennard, and not into his hands as administrator *d. b. n., c. t. a.* of Elizabeth Kennard.

3. If the Court declares the law to be, that the plaintiff in this action can only recover so much of the said sum of $12,333.65, as was in the hands of said Joseph V. B. Wright

at the time of the granting of letters of administration to him upon the estate of Elizabeth Kennard, deceased, and the execution and delivery of the bond whereon this suit was brought, or that came into his hands thereafter; and that if the Court believes that the said Joseph V. B. Wright received the said sum of $12,333.65, and paid the same, or any portion thereof, away, either in execution or in violation of the trust reposed in him by the decree of the Court, in the chancery cause of *Kennard vs. Outram,* at any time prior to the granting of said letters and the execution of said bond, and that at the time of the granting of said letters and execution of said bond, the said Wright was actually insolvent, then it is incumbent upon the plaintiff to show that said sum of $12,333.65, or said portion thereof, was in the hands of said Wright at the time of the granting of said letters, and the execution of said bond, or came into his hands thereafter.

4. If the Court shall find that the defendants are liable in this action for the said sum of $12,333.65, awarded to Joseph V. B. Wright, administrator *d. b. n., c. t. a.* of Elizabeth Kennard, in said audit, made in the chancery cause of *Kennard vs. Outram,* in evidence, then they shall allow the defendants, and deduct from the said sum, commissions and credits allowed in said administration account, made by said Tilghman N. Chance, at the instance of said Joseph V. B. Wright, and subsequently proved by the executrix of said Wright, and any sums of money that they may find that said Wright paid to the legatees named in the will of said Elizabeth Kennard.

5. If the Court shall find that the said Joseph V. B. Wright, at the time of the granting of letters of administration to him upon the estate of said Elizabeth Kennard, deceased, and at the time of the execution of the bond, whereon this action is brought, had in his hands the said sum of $12,333.65, or any part thereof, or that the same

or any part thereof came into his hands thereafter; and that if they further find that Philemon T. Kennard was entitled to any part thereof, and that the said Joseph V. B. Wright, was administrator of the said Philemon T. Kennard, then in the absence of any evidence to the contrary, they shall find that the portion of the said sum of $12,333.65, to which the said Philemon T. Kennard was entitled, passed into the hands of said Joseph V. B. Wright, as his administrator, and the plaintiff in this action is not entitled to recover said portion of said sum of $12,333.65.

The Court, (Robinson, and Wickes, J.) granted the plaintiff's two prayers, and granted the defendants' fourth prayer, but rejected the defendants' first, second, third and fifth prayers. The defendants excepted, and the verdict being for the plaintiff, and judgment thereon for the penalty of the bond, and costs to be released on the payment of the sum of $9203.78, with interest and costs, the defendants appealed.

The cause was argued before BARTOL, C. J., BOWIE, BRENT, MILLER and ALVEY, J.

*J. F. Bateman* and *Philip F. Thomas,* for the appellants.

*Charles H. Gibson, George M. Russum* and *John H. Handy,* for the appellees.

BRENT, J., delivered the opinion of the Court.

Among the assets left by Mrs. Elizabeth Kennard, was a mortgage due from John Outram and wife. Under the will of Mrs. Kennard, her son Philemon T. Kennard was appointed sole executor, and having qualified as such, he instituted proceedings in the Circuit Court for Talbot County for the foreclosure of this mortgage. A decree

was passed for the sale of the mortgaged premises and Kennard was appointed trustee. He, however, died before any sale could be effected, and Joseph V. B. Wright, on the 5th of October, 1870, was appointed trustee in his place. Wright sold the property on the fifteenth of October, 1873, and reported the sale, which was finally ratified by the Court on the ninth of October, 1874.

He received upon the mortgage altogether the sum of thirteen thousand dollars, the mortgagor having paid him forty-five hundred dollars, and the sale realizing eight thousand five hundred. The last payment was made on the twenty-first of July, 1874, which includes a payment of five hundred dollars paid by the mortgagor.

The case was regularly referred to the auditor, who seems to have stated two accounts, distributing the fund after an allowance of costs and commissions. But the Circuit Court rejected both accounts, holding that letters *de bonis non* must be taken out upon the estate of Mrs. Kennard, as the distribution of the fund could be legally made, since her executor was dead, only to a duly appointed administrator.

After this decision of the Circuit Court, Joseph V. B. Wright obtained from the Orphans' Court of Talbot County the appointment of administrator, and gave as such administrator the bond, which is the cause of action in this present suit.

He then filed a petition in the case in the Circuit Court, stating that he had taken out letters *de bonis non* with the will annexed upon the estate of Mrs. Elizabeth Kennard, and praying that the papers in the case may be referred to the auditor " with directions to prepare an audit in conformity with the opinion of the Court filed in this case."

The Court thereafter, " for the reasons set forth in the opinion heretofore filed " by them, affirmed the distribution of the balance of the fund, amounting to $12,333.65, in the hands of Wright, trustee, to Wright as adminis-

trator, and directed the trustee to pay it accordingly. This order was passed on the 2nd of June, 1876, nine days after the granting of the letters of administration.

Wright prepared an administration account in November following, in which he charges himself with this sum of money, and left the account with the Register, that the Orphans' Court might determine the amount of his commissions. This was done by the Court, and when the account was afterwards shown to him by the Register, he said it was all correct. Dying shortly afterwards, on the 1st of January, 1877, he never made affidavit to it. The account, however, was sworn to by his executrix, and is now on file in the office of the Register of Wills.

So far as this record discloses, this trust fund is the only part of Mrs. Kennard's estate which had not been fully administered. It is the only item with which the administrator *de bonis non* charges himself in the account left by him with the Register, and the only item upon which commissions were claimed and allowed by the Orphans' Court.

We have failed to see any reason why the account left by Wright with the Register is not admissible evidence in this case. If the money which he held as trustee was in his possession, or had not been wasted at the time of his appointment, it is conceded that it would pass by operation of law into his hands as administrator, and that his charging himself with it in that capacity would be then admissible in proof. But the proof of a *devastavit* while trustee is upon the defendants. We do not understand that the plaintiff, to avail himself of the benefit of a presumption of transfer by operation of law, is required to do more than to show that a person in one character is debtor, and the same person in another character is creditor. The exhibition of this account only shows that the administrator, Wright, in charging himself with this fund has complied with and acted upon this presumption.

We are not prepared to say that this presumption is made conclusive from the fact, that a person who had property in his possession as trustee had, at his will, charged himself with it in a new capacity of administrator. If the property has been actually wasted and squandered, neither the presumption of law nor the admission of the party will always operate a transfer, when in reality nothing existed to transfer.

But this defence is to be proved by the party setting it up, and can in nowise render inadmissible such proof as goes to establish the claim of the plaintiff.

We do not think that sections 224 and 225 of Article 93, 1 Code, apply to the present case. Those sections are in derogation of the common law, and they must be restricted to cases of indebtedness strictly falling within them. They both refer to "claims which the deceased had against" the executor or administrator, and look to certain proceedings to be had, or to the return of the debt in the list of debts, as necessary to make a debt due by such executor or administrator stand as if it were so much money in his hands. The debt now claimed against the administration bond of Wright, does not seem to fall within these sections. It certainly is not a "claim which the deceased had against him."

But we are of opinion, that under the facts in this case the fund, which he held as trustee, must be considered as having been transferred by operation of law to him as administrator. The general doctrine is well settled, that where a man holds money in several capacities the law will attach to him liability in that capacity in which of right the money ought to be held. This doctrine is recognized in many of the decisions in this State. See *State vs. Jordan,* 3 *H. & McH.,* 180; *Flickinger vs. Hull,* 5 *G.,* 74; *Seegar vs. State,* 6 *H. & J.,* 12; *Watkins, Adm'r vs. Shaw,* 2 *G. & J.,* 220; *Hanson and Wife vs. Worthington and others,* 12 *Md.,* 418; *Sparks and others vs. Weedon and*

*others,* 21 *Md.,* 156; *Byrd & Crisfield, Ex'rs vs. State, use of Stewart,* 44 *Md.,* 502.

The proceedings in the Circuit Court in regard to the fund held by Wright as trustee, show that the sole purpose of his becoming administrator was the transfer of the fund to him in that capacity. The Court had filed a written opinion deciding that the fund could only be transferred to an administrator of Elizabeth Kennard, and to obtain such a transfer Wright took out letters of administration, and gave the present bond signed as sureties by these appellants, for the single purpose of enabling him *as administrator* to possess and hold the fund. As before said there were no other assets of the estate unadministered, and upon this fund alone was the administration designed and intended to operate. The securities have nothing reasonably to complain of in the present proceedings taken against them. Their bond was for the faithful administration and payment over to the persons entitled of this very fund and no other. If their principal has failed to do so, and they are now held responsible for his default, it is but the result of their undertaking as understood and entered into by them when they executed his bond as sureties.

The proof as offered in this case does not establish any *devastavit* by Wright as trustee. We know of no law which implies a *devastavit,* if a trustee does not attach a mark to his trust money and keep it in some separate place apart from all other moneys. The fact that the money had been deposited by him in bank to his individual credit and afterwards withdrawn, or the proof offered to show that he was insolvent, do not by any means rebut the presumption that he had retained and would have paid over to another if he had been appointed administrator, the amount due by him as trustee. His bank account shows that he was possessed of considerable sums of money, after the order of the Court directing the transfer to him as

administrator, and the proof offered is far short of establishing a waste of the fund while trustee, and his total inability to pay it while administrator. As said in *Gray vs. Brown*, 1 *Richardson*, 363, where a similar question arose: "If, by discharge under the bankrupt law, or the insolvent debtor's Act, or other legal means, the liability of the trustee had been extinguished, of course no duty to pay would have survived, and the liability could not have devolved upon the surety to the guardianship bond. But without a discharge, proof of the trustee's inability to pay his debts, could not prevent the presumption of retainer; for this debt may have been met, although others could not have been."

It follows from what we have said that the second prayer of the plaintiff was properly granted by the Court. It contains all the facts in the case which it was necessary for the jury to find to enable the plaintiff to recover.

As the first and third prayers of the defendants are inconsistent with the plaintiff's second prayer, which was granted, they were properly refused.

The plaintiff's first prayer and the defendants' third prayer are in regard to the $1234.41, received by Col. Hamilton on a debt due Wright as administrator of Philemon T. Kennard, and which had been placed in Col. Hamilton's hands as collateral security for the benefit of the sureties on Wright's bond as trustee. Although we think the ruling of the Court upon these prayers was error, yet the case will not on that account be reversed and sent back, because it cannot in any way affect the general result.

In the rejection of the defendants' fifth prayer there is no error. Any presumption of law, that the share of this trust fund, to which Philemon T. Kennard was entitled, had passed to Wright as his administrator, is rebutted by the proof in the case. Wright was appointed administrator of Mrs. Elizabeth Kennard, on the 22nd of May,

1876. In November, 1876, he prepared his first and final account, in which he charged himself with the whole fund, but died on the 1st of January, 1877, before it was finally passed by the Orphans' Court; so that in fact no transfer had actually been made, nor did any presumption of transfer arise, as Wright died about seven months after he was appointed administrator, and before his final or any account had been finally acted upon by the Orphans' Court.

As we find no error which will justify us in reversing the judgment of the Court below, it will be affirmed.

*Judgment affirmed.*

(Decided 26th March, 1879.)