(Decided June 28th, 1898.)

---

STATE USE OF PINKNEY A. SCAGGS, Administrator of WAITE E. BROWN *vs.* EDWARD REILLY.

*Appeal—Limitations of Action on Guardian's Bond.*

When it appears that no judgment was entered in the Court below on the verdict of the jury, an appeal in the cause will be dismissed.

The statute of limitations does not begin to run on a guardian's bond until the ward comes of age and has a right to sue the guardian.

Appeal from the Circuit Court for Prince George's County (CRANE, J.). The condition of the bond sued on was that the guardian " shall faithfully account in the Orphans' Court of said county, as directed by the law, for the management of the property and estate of the

said orphans under her care and shall also deliver up
the said property agreeably to the order of said Court
or the directions of the law, and shall, in all respects,
perform the duty of guardian to, etc., according to law,"
etc.

The cause was argued before McSHERRY, C. J.,
BRYAN, FOWLER, BRISCOE, PAGE, ROBERTS and BOYD,
JJ.

*Phil. W. Chew* for the appellant, cited: *State* v. *Henderson*, 54 Md. 343; *Thruston* v. *Blackstone*, 36 Md. 510; *Byrd* v. *State*, 44 Md. 501; *Wolf* v. *Bauereis*, 72 Md. 481; *Hamburger* v. *Paul*, 51 Md. 219.

*Charles H. Stanley* and *Jos. K. Roberts* for the appellee.

ROBERTS, J., delivered the opinion of the Court.

This action was brought in the Circuit Court for
Prince George's County in the name of the State of
Maryland for the use of Pinkney A. Scaggs, adminis-
trator of Waite E. Brown, against Edward Reilly, co-
obligor in a certain writing obligatory or guardian bond
which he had executed and entered into with Sarah A.
Brown, who is the principal but who has been returned
*non est*, and a certain George W. Duval, who has died
since the commencement of the suit.

For the disposition of this appeal it will not be neces-
sary to enter upon any extended discussion of the ques-
tions involved other than a brief reference to the only
exception contained in the record. The appeal must
be dismissed for the reason that the record fails to dis-
close and it is in fact conceded that no judgment was
entered from which an appeal could be taken. The
case will have to be remanded that a new trial may be
had, and as the Court below committed error in refus-
ing to permit the appellant to read in evidence the
writing obligatory, which the appellee and his co-obli-
gors had on the 20th of February, 1865, executed, we
will briefly state our views upon the ruling of the Court

so as to avoid like error in the event of a retrial of the case.

It appears by the record of the former appeal of this case (reported in 83 Md. 123) that this suit was originally brought in the Court below on the 13th of January, 1890, and that the ward for whose benefit this action was begun attained his majority, which occurred in the year 1879. MR. JUSTICE ALVEY, in delivering the opinion of this Court in the case of *Byrd* v. *State*, 44 Md. 501, says, " Before the adoption of the Code, the proper mode of pleading the bar of the statute of limitations to an action on a guardian's bond, was to allege that twelve years had elapsed from the passing of the bond in the declaration mentioned, before the issuing of the writ original in the cause. Acts of 1729, ch. 24, sec. 21; 1798, ch. 101, sub-ch. 12, sec. 4; *State use of Johnson* v. *Green*, 4 G. & J. 381. But in the adoption of the Code, the law was changed, as decided in the case of *Thurston* v. *Blackiston*, 36 Md. 501; and since that time the bar commences to run only from the time when the breach of the condition of the bond occurs. The plea should therefore aver, in the language of the Code, Art. 57, sec. 3, that ' the debt or thing in action ' was above twelve years' standing before suit brought; or should contain averments of equivalent import." So that the plea of the statute of limitations could not be made to apply in a case such as this when the breach of the condition of the bond, or the debt or thing in action was not above twelve years' standing, before this suit brought, which was in the year 1890 as hereinbefore stated.

It follows from what we have said that this appeal must be dismissed.

*Appeal dismissed.*

(Decided June 28th, 1898.)