## STODDERT *vs.* NEWMAN.—June, 1826.

Under the acts of assembly of 1785, *ch.* 80, and 1809, *ch.* 153, authorising amendments "in all proceedings whatsoever before verdict, so as to bring the merits of the question between the parties fairly to trial," the *writ* cannot be amended.

Where that is to be done, it must be by the titling, or by some other part of the proceedings, agreeably to the law prior to such acts of assembly.

In an action of *assumpsit* against N, to charge her as executrix of C, with rent accruing after C's death, upon a demise from the plaintiff to C, evidence must be given on the plea of *non assumpsit* of her being executrix, as well as that she occupied the demised premises.

In an action against the assignee of a term to recover the rent of the demised premises, general pleading is allowable; but it must be shown, as well as generally alleged, that the defendant is either in fact or in law assignee.

To support an action for use and occupation a demise must be shown, or some evidence given, to establish the relation between the parties of landlord and tenant.

Where on a *demurrer* judgment is given against the plaintiff, and he asks leave to amend the pleading demurred to, and does amend, he is considered as acquiescing in the judgment, and as abandoning his right to appeal from it.

APPEAL from *Charles* County Court. This was an action of *assumpsit* brought by the present appellant, (the plaintiff below,) against the defendant, (the appellee,) as executrix of *Francis Newman*, to November term 1820. At March term 1822 a declaration was filed by the plaintiff against the defendant, as executrix as aforesaid, to recover the sum of $250 for the rent of a house and lot, which he had rented by a written contract to one *Francis Newman*, the husband of the defendant, on the 21st of January 1818; that *Francis Newman* died, not having entered, leaving the defendant his executrix, who entered into the premises, and held them one year, &c. The defendant pleaded *non assumpsit*, and *plene administravit*. The plaintiff obtained leave to amend at August term 1823, and filed a new declaration nearly similar to the first, charging the defendant as assignee of the term, and with having entered after her husband's death, as executrix, &c. To this declaration the defendant pleaded *non assumpsit*, and *plene administravit*. The plaintiff joined in issue to the first plea, and demurred generally to the other. The county court overruled the demurrer; and on motion of the plaintiff, gave him

leave to amend his writ and declaration.    The writ and decla-
ration were amended, changing the action to one against the
defendant in her own right.    This new declaration contained
*three* counts—1. That on the 21st of January 1818, the plain-
tiff entered into an agreement with a certain *Francis New-
man*, at his special instance and request, that he should use,
occupy, possess and enjoy, a certain messuage · called *Mont
Bleak*, the property of the plaintiff, lying and being in, &c.
with the appurtenances and premises, for the space of one
year fully to be complete and ended, from the said 21st of Ja-
nuary, at the price of $250.    After which agreement, and be-
fore entry by the said *Francis* into the said tenement, and be-
fore the expiration of the said term, the said *Francis* died, to
wit, on the 1st of February in the year aforesaid, to wit, at,
&c. having made and executed his last will and testament in
writing, by which the defendant was appointed executrix
thereof, and letters testamentary were in due form of law
granted to her by the orphans court of *Charles* county afore-
said, to wit, on, &c.    By which said agreement, and the com-
mission of the said letters testamentary, the defendant entered
into the said messuage and premises, and the appurtenances
thereunto belonging, and was thereof possessed, to wit, on the
1st of February 1818, at, &c. and the same had, held, used,
occupied and enjoyed, for a long space of time, to wit, for one
whole year; by reason whereof the defendant became liable to
pay to the plaintiff the said sum of $250; and being so indebt-
ed, in consideration thereof afterwards, to wit, on, &c. at, &c.
undertook and faithfully promised to pay the plaintiff the said
sum of $250, when she should be thereunto requested.    2.
That *Francis Newman* in his lifetime, to wit, on the 21st of
January 1818, entered into an agreement with the plaintiff in
these words: "It is agreed between Mrs. *Newman*, on the
part of Col. *Newman*, and *J. T. Stoddert*, that the lot at
*Port Tobacco* shall be occupied by Colonel *Newman* and
family the present year, and the rent shall be two hun-
dred and fifty dollars.    The tenant has the privilege of cul-
tivating the lot in tobacco, or small · grain," &c.    "The
tenant is to deliver the premises up at the end of the year, in
as good repair as it is put by the owner for him."    And before

entry of the said *Francis* upon the said premises, by virtue of the said contract, and before the expiration of the said term, the said *Francis* afterwards, to wit, on the 1st of February in the said year, at, &c. died, having made his will, and appointed the defendant his executrix, to whom letters testamentary were granted on, &c. And afterwards to wit, on, &c. at, &c. the defendant entered upon the tenement and premises aforesaid, and was thereof possessed by virtue of the said agreement, and the commission of the letters testamentary, and was thereof possessed for a long time, to wit, for twelve months at, &c. And the plaintiff avers, that the sum of $250, being one year's rent ending after the death of the said *Francis*, and after the entry of the defendant upon the said premises, to wit, on the 10th of January 1819, was and still is in arrear and unpaid to the plaintiff; in consideration whereof the defendant afterwards to wit, on, &c. at, &c. undertook and faithfully promised to pay the plaintiff the last mentioned sum of money when she should be thereunto afterwards requested. 3. That the defendant was indebted to the plaintiff on the day and year aforesaid at, &c. in the sum of $250, for the use and occupation of a certain messuage, &c. of the plaintiff, situate, &c. by the defendant, and at her special instance and request, and by the sufferance and permission of the plaintiff, for a long time before then elapsed, had, held, used, occupied, possessed and enjoyed; and being so indebted, in consideration thereof afterwards, to wit, on, &c. at, &c. undertook and faithfully promised to pay to the plaintiff, the last mentioned sum of money when she should be thereunto afterwards required, &c. The defendant pleaded *non assumpsit*, and issue was joined.

At the trial the plaintiff gave in evidence by *John Matthews*, a competent witness, that in January 1818 he rented the lot belonging to the plaintiff, adjoining *Port Tobacco*, as the agent of the plaintiff, to the defendant, who acted as the agent of Col. *Newman*, her husband, who was then sick, at the yearly rent of $300; that Col. *Newman* died about the 1st of March 1818, before he had entered upon the lot. The plaintiff further gave in evidence the contract for the use and occupation of the lot for the year 1818, as stated in the *second* count in the declaration, and proved by the said *Matthews*, that after the death of Col. *New-*

*man*, the defendant, about the 1st of March in that year, entered into the lot and premises, and occupied the same until the end of the year. Upon this evidence the defendant prayed the court to instruct the jury, that the plaintiff could not recover either the amount of $250, or a proportional part for the time the defendant occupied the premises. Which instruction the Court, [*Stephen*, Ch. J. and *Key* and *Plater*, A. J.] gave to the jury. The plaintiff excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and EARLE, MARTIN, ARCHER, and DORSEY, J.

*R. Johnson*, for the Appellant, contended, that the judgment ought to be reversed—1. Because the plea of *plene administravit* was not a sufficient plea in a case of this description— the defendant, by entering after her husband's death, and without his having entered, having made herself personally liable for the rent of the demised premises. 2. That upon the facts stated in the bill of exceptions, the defendant was also liable in a suit against her individually, to pay, if not the whole rent, at least a reasonable rent for the time she occupied the premises.

He insisted that advantage could be taken of the judgment entered by the court on the demurrer, as that judgment does not appear to be stricken out, but leave only given to the plaintiff to amend. The defendant was sued as executrix for rent, where she had herself enjoyed the premises after the death of her testator. She pleaded *plene administravit*, which was a bar to the whole declaration. To this plea there was a demurrer, which the court improperly overruled. To show that advantage could now be taken of the judgment on the demurrer, and of any errors in the record, he cited *Hughes's Lessee vs. Howard*, 3 *Harr. & Johns.* 9. *Speake vs. Sheppard*, 6 *Harr. & Johns.* 81. *Hutchings vs. Talbot et al. Lessee*, 3 *Harr. & Johns.* 378. To show that an executor or administrator is liable *de bonis propriis* for rent accrued after the death of his testator or intestate, he cited *Jevens vs. Harridge*, 1 *Saund.* 1, *(and notes.)* *Buckley vs. Peck*, 1 *Salk.* 316, 317. *Toller*, 279. *Tilney vs. Norris*, 1 *Ld. Raym.* 553. S. C. *Carthew*, 519, and 5 *Com. Dig.* tit. *Pleader*, (D. 2, 9.)

*Stonestreet,* for the Appellee.

EARLE, J. delivered the opinion of the Court. Before this case was brought to trial below, the pleadings in the cause were several times amended, on the motion of the plaintiff, the appellant in this court. The last amendment changed the writ from a suit against *Elizabeth H. Newman,* executrix of *Francis Newman,* to an action against her in her own right, for the purpose of making her personally liable for rent that had incurred after she took possession of certain demised premises, leased to her husband a little before his death. The two first counts of the declaration accordingly allege, that the plaintiff, on the 21st of January 1818, leased for one year to *Francis Newman;* that *Francis Newman* died soon after, and before he had entered; and that *Elizabeth H. Newman* took letters testamentary on his estate, and by virtue of the lease, and the letters committed to her, possessed herself of the leased premises, and occupied them the remaining part of the year. On the trial of the general issue of *non assumpsit,* all these facts were proved by the plaintiff to the jury, save the fact of *Elizabeth H Newman* being the executrix of *Francis Newman,* which he could not prove as alleged, or overlooked in stating the evidence in the bill of exceptions. In the absence of testimony of this material fact, the court rightly determined, that *Elizabeth H. Newman* was not liable for the sum claimed of her, as far as it was sought to charge her therewith on the two first counts. The object was to sustain the suit against her as assignee in law of the term, which could only be done by showing her to be executrix of the lessee, and that she possessed the demised premises under the letters testamentary, when the rent became due to the lessor. On such occasions general pleading is allowable, but it must be shown, as well as alleged, that the defendant is either in fact or in law assignee of the term. The plaintiff here has sufficiently charged it in his declaration, but he has failed to establish it in evidence to the jury, and therefore cannot maintain his action on this ground. There is also a third count in the declaration, which the plaintiff has not succeeded to support by testimony. This alleges the use and occupation of the same premises by *Elizabeth H. Newman,* by

the sufferance and permission of the plaintiff, which permission he has not attempted to prove in any way.    To support an action for use and occupation, a demise must be shown, or some evidence given, to establish the relation of landlord and tenant, between the plaintiff and defendant.    *Smith vs. Stewart*, 6 *Johns. Rep.* 48.    In this case no direct proof has been offered for this purpose, and it cannot be presumed from the facts given in evidence to the jury.    A lease to *Francis Newman*, a little before his death, is in proof, and it excludes the inference that *Elizabeth H. Newman* held under a demise to her.    *Non constat* that she was the executrix of *Francis Newman*, and no other person than his executor or administrator had a right to possess and hold the leased premises.    The executor or administrator might assign, but the lessor, the plaintiff in this suit, cannot be presumed to have had any thing to say to the premises, after he leased them to *Francis Newman*.

We forbear to express any opinion in relation to the judgment of the court on the demurrer to the plea of *plene administravit*.    It does not appear to us to be embraced in the appeal taken in the case by the plaintiff.    Subsequent to its being pronounced, all the pleadings that led to the demurrer, underwent an amendment on his motion, which would hardly have prevailed, if a design of appealing had been then avowed by him. Indeed his very motion to amend, implied his acquiescence in the court's decision, and is to be considered a waiver of his right of appeal, if it could be exercised, after the pleadings anterior to the demurrer had given place to the new or amended pleadings.

We might also well observe silence with regard to the amendments in the pleadings made in the court below, and which were brought into view on the argument of this case. They were made in favour of the plaintiff on his own application, and the appeal comes alone from him.    But as there is a diversity of opinion on the true construction of the act of 1785, *ch.* 80, *s.* 4, and of the act of 1809, *ch.* 153, *s.* 1, which is like it, and the practice of amending writs under those acts has been variant in different judicial districts of the state, we esteem this a fit opportunity to settle the law on this subject. The words of the acts are, "the courts of law shall have full

power and authority to order, and allow amendments to be made in all proceedings whatsoever before verdict, so as to bring the merits of the question between the parties fairly to trial." These general expressions we interpret to mean, all proceedings in a cause subsequent to the return of the writ, and as not authorising an amendment of the writ itself, which furnishes the question, the merits of which is to be tried between parties. To alter the writ, it would seem would be to change the question between the parties, instead of bringing it fairly to trial between them—when the writ is to be amended, it must be by the titling, or by some other part of the proceedings, agreeably to the law prior to the said acts of assembly.

JUDGMENT AFFIRMED.