(Decided 9th March, 1876.)

S. G. THANHAUSER *vs.* BENJAMIN SAVINS.

*Misnomer of Plaintiff not amendable.*

A plaintiff who declares in the name, and by the description of "B. Savins," will not be allowed to amend the writ and proceedings in the cause, by inserting his real name, viz., "Benjamin Savins;" and judgment will be given against him.

No remedy is provided by the Code, for the misnomer of a plaintiff.

APPEAL from the Court of Common Pleas.

This was an action upon the common counts, with a special count upon a promissory note, instituted in the name of B. Savins, against S. G. Thanhauser. The case is further stated in the opinion of the Court. The verdict and judgment were for the plaintiff, and the defendant appealed.

The cause was argued before BARTOL, C. J., BOWIE, MILLER and ALVEY, J., and GRASON, J., participated in the decision.

*M. R. Walter,* for the appellant.

The rule is that the declaration must set out the Christian and surname of the parties correctly. *Union Bank vs. Tillard & Ireland,* 26 *Md.,* 452; *Stephens on Pleading,* 302, (*margin*); 1 *Chitty on Pleading,* 256; *Gould's Pleading, sec.* 71, *p.* 256, *ch.* 5. This action was therefore improperly instituted in the name of B. Savins. The plaintiff's name cannot be amended at common law. *Dulany vs. Norwood,* 4 *H. & McH.,* 496. And there is no statutory provision conferring this right. *Evans' Practice, (Ed.* 1867,) 248.

The Act of 1828, ch. 199, provides that the misnomer of the *defendant* shall not abate or discontinue the suit, but that the same may be amended. By the Act of 1845, ch. 54, a mistake in the name of a *defendant* in an attachment suit, may be amended, and the Act of 1846, ch. 328, extends the benefits of the Act of 1845, ch. 54, to *defendants* in *all* actions. The present Code provides (sec. 25, Art. 75,) that no writ or action shall abate or be discontinued because of the misnomer of any *defendants,* but the same may be amended. But nowhere is there any intimation that a mistake in the plaintiff's name can be corrected. For four several sessions the question of misnomer was before the Legislature, and on all four occasions have they

taken special pains to restrict the right of amendment to the name of the *defendant*.   The legislative intent to exclude the right to amend the plaintiff's name is clear beyond question—*expressio unius exclusio est alterius*.

Sec. 23 of Art. 75, does not apply to the case at bar. It provides simply for amendments of the "*proceedings*," and does not embrace the names of the *parties*.   The clause " writs may be amended from one form of action to another," indicates the character of amendments allowed under the section.   If it was intended that this section should confer power on the Court to permit amendments of any kind, why was section 25 enacted ? of what use are sections 26, 27 and 28 ?   Section 23 was enacted simply to provide for the defects in the Act of 1809, ch. 153, by enabling the Court to change the form of action, which this Court held in *Booth vs. Hall*, 6 *Md.*, 4, and in other cases, could not be done under the Act of 1809.

This Court, in the case of *The Union Bank vs. Tillard & Ireland*, 26 *Md.*, 452, in determining the right to amend parties' names, bases the right simply upon section 25, and not 23.

The discretion vested in the Courts by sec. 23, is not a capricious, but a sound legal discretion.   *Union Bank vs. Ridgely*, 1 *H. & G.*, 324.

*John Henry Keene, Jr.*, for the appellee.

The paper-writing filed as a plea by the defendant, was not a plea in abatement.   The office of such a plea is to give a better writ or bill ; a mistake of form must be corrected by the plea, so as to enable the plaintiff in framing new proceedings to avoid the mistake.   The paper-writing, filed as a plea in abatement, does not profess to perform that office.   As it stood, this paper-writing, supposed to be a plea, was a merely irrelevant, immaterial suggestion of matters not relating to the issue.   The plaintiff's demurring to a matter not demurrable, but vicious from

inherent defects, could not make the paper what it was not. The demurrer being withdrawn, and the defendant's suggestion being a part of the "proceedings," and making the plaintiff's name a part of the "proceedings," contemplated by sec. 23 of Art. 75, came within its scope. The paper-writing tended only to delay justice, it was not favored in law, and the right to amend was given with a view to check such proceedings.

The language of sec. 23, "in all suits," "any of the proceedings," "any amendment," is obviously sufficient to cover an amendment of so trivial a character. Suppose there were four Christian names, it is not pretended that the full length name could not be given. It is difficult to discover why the mis or non-joinder of the plaintiff should be amendable, and a misnomer not. Secs. 26, 27, 28, did not expressly provide for a matter already covered by sec. 23. The language of the concluding paragraph in sec. 29, "in no case of amendment," clearly contemplates "any" amendment of plaintiff other than that provided for in secs. 26, 27 and 28.

Bowie, J., delivered the opinion of the Court.

The question presented by the bill of exceptions in this case, is whether the appellee, who instituted suit against the appellant, in the Court of Common Pleas, and declared in the name and by the description of "B. Savins," could amend the writ and proceedings in the cause, by inserting the real name of the plaintiff, viz., "Benjamin," for "B." The defendant pleaded in abatement, "that the plaintiff's name was not 'B. Savins,' but that his real name was unknown to him." The plaintiff demurred to the plea, but afterwards withdrew his demurrer, and asked leave to amend by inserting as above, to which the defendant objected, but the Court overruled the objection and allowed the amendment as prayed, to which ruling and action of the Court, the defendant excepted.

This involves the construction of Art. 75 of the Code, title "Pleadings, Practice and Process," secs. 23, 25, 26, 28, 29. Although, from the general spirit of the Article, manifested in the introductory sections, the most liberal system of pleading seems to have been designed by the Legislature ; and sec. 23, standing alone, appears broad enough to warrant any amendment, yet contemporaneous construction has held otherwise.

Mr. Evans, in his work on Practice, (2nd Ed.,) says : "It may be briefly said that every pleading may, in Maryland, be amended in every conceivable way. To this sweeping assertion it is only necessary to make three exceptions. The first is, that when the plaintiff's attorney has mistaken his client's name, he is not allowed to amend his error," etc. *Evans' Prac.*, 150.

" It grows out of the *omission in the Code* of all provision upon the subject." * * * * * * * * "The present law in relation to the amendment of pleadings will be found in the Code, Art. 75, secs. 23 to 33, both inclusive. The general effect has been stated in the last paragraph."

However much some may regret this apparent anomaly, it is explained by the learned writer in the brief but terse expression, " It grows out of the omission in the Code," etc.

At common law such amendments *were not admissible.* All amendments of pleadings are authorized by statutes of Jeofails, and where these statutes are silent, the right of amendment does not exist. The Code is but a condensation of the several statutes of our State upon this subject; wherever it speaks affirmatively, it negatives the enlargement of the right of amendment to another class of parties, unless a general expression, embracing the latter, is used. "*Expressio unius est exclusio alterius.*"

There is much force in the appellant's argument as to section 23, that if it was intended that this section should

confer power on the Court to permit amendments of any kind, why were sections 25, 26, 27, 28 enacted; they were superfluous and nugatory. It appears from Mayer's List of the Correlative Acts of Assembly, that sec. 23, Art. 75, is the codification of the Acts of 1852, ch. 177, 1785, ch. 80, sec. 4, 1809, ch. 153.

Under these Acts, the writ could not be amended. When that was to be done, it must be by the titling or by some other part of the proceedings, agreeably to the law prior to such Acts of Assembly. *Stoddert vs. Newman,* 7 *H. & J.,* 251.

It was held in the case of *The State vs. Green,* 4 *G. & J.,* 381, and *Berry vs. Harper,* 4 *G. & J.,* 467, that the Court could not authorize the amendment of the writ.

It is unnecessary to trace the codification of the subsequent Acts of Assembly, relating to amendments, further than to observe they all relate to distinct subjects, not embracing the amendment sought for in this case. Sec. 25 applies to the *misnomer of the defendant;* sec. 26 authorizes the Court, in case of *a non-joinder or mis-joinder of plaintiffs,* to allow an amendment by which a plaintiff may be added or stricken out, as the case may require.

Sec. 27 refers to *mis-joinder or non-joinder of defendants.*

Sec. 28 provides for *mis-joinder or non-joinder of plaintiffs or defendants, etc.,* all special and distinct subjects, yet covered by the language of sec. 23, if the latitudinous construction is adopted.

Sec. 29 declares, in amendments for mis-joinder, etc., entire new parties (either plaintiffs or defendants) cannot be introduced, but some of the original plaintiffs or defendants must remain, "and in no case of amendment can entire new parties, either plaintiffs or defendants, be made."

In the case of a sole plaintiff or defendant, the *prima facie* evidence of identity of the party is the name; if the name is changed, the party is changed, as far as the record

is concerned ; but provision is made for the correction of the misnomer of the defendant, by section 25 ; no remedy is, however, provided for the misnomer of the plaintiff.

. It is obvious that the plaintiff must be supposed to know his own name. The difficulty of always ascertaining the defendant's may account for the provision in case of his misnomer, but where no such reason exists, "*cessante causa cessat effectus.*" Many inconveniences might result from too great facility in making such amendments. For these reasons the judgment below will be reversed.

*Judgment reversed.*

(Decided 9th March, 1876.)