STATE OF OREGON, *Respondent,*
*v.*
BRYAN EUGENE GETSINGER, *Appellant.*
(No. 74-02-0362, CA 6265)
556 P2d 147

\* \* \*."

*Howard Clyman,* Portland, argued the cause for appellant. With him on the brief were Gregory, Clyman & Nichols, Portland.

*Al J. Laue,* Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General and Glenda R. Green, Certified Law Student, Salem.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

LEE, J.

## LEE, J.

Defendant was convicted of attempted unauthorized use of a motor vehicle (ORS 161.405(1) and ORS 164.135). He appeals a trial court order which imposed a further condition of probation that he make restitution of $307.76 to the insurer of the car for claims it paid to the owner arising out of the unauthorized use.

Defendant contends that the trial court exceeded its power under ORS 137.540(10) which provides that:

> "The court shall determine, and may at any time modify, the conditions of probation, which may include, as well as any others, that the probationer shall:
> "* * * * *
> "(10) Make reparation or restitution to the *aggrieved party* for the damage or loss caused by offense, in an amount to be determined by the court.
> "* * * * *." (Emphasis supplied.)

This statute was considered by the Supreme Court in *State v. Stalheim,* 275 Or 683, 552 P2d 829 (1976). In that case the defendant had been convicted of criminally negligent homicide. One of the conditions of his probation was that he make reparation in the sum of $2,500 to the man whose wife and daughter had been killed by the defendant. The court said, *inter alia,*

> "* * * [W]e construe 'aggrieved party' to refer to the *direct victim* of a crime, and not to other persons who suffer loss because of the victim's death or injury." (Emphasis supplied.) 275 Or at 688.

While the insurer in the instant case might be considered a "victim" since it did "suffer loss," the phrase "direct victim" suggests limiting the reparation to the one who initially suffers loss. Here the insurer only suffered loss because the owner did; it was the owner who suffered the loss initially; under *Stalheim,* he

alone is the direct victim, or the "aggrieved party" for purposes of ORS 137.540(10).[1]

Remanded for resentencing.

[1]Our holding does not preclude the trial court from requiring the defendant to make reparation to the owner for the full amount of the damage to the motor vehicle, even though the owner might be contractually bound to give such sums to the insurer. The reparation statute is a rehabilitative tool of the criminal law; its applicability should not be affected by the happenstance of whether the owner carries insurance.