Argued and submitted February 15, affirmed in part;
reversed and remanded in part for resentencing April 14, 1980

## STATE OF OREGON,
*Respondent,*

*v.*

## RODMAN ARLINGTON ROSE,
*Appellant.*

(No. 79-86-C, CA 15509)

609 P2d 875

Marianne Bottini, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Defendant appeals from his convictions for unauthorized use of and the theft of a motor vehicle, ORS 164.135, ORS 164.055, and from the trial court's imposition of restitution as a condition of probation.

The state concedes that defendant's sentencing order should be amended to delete the conviction for unauthorized use of a motor vehicle because this charge was dismissed by the trial court at defendant's request and with the state's concurrence. The sentencing order indicates that defendant was convicted of both charges, but imposes sentence for only the theft charge. It is clear from the trial judge's statements on the record that he intended to dismiss the unauthorized use charge. Because the sentencing order actually imposes a sentence for only the theft charge, we order that the sentencing order be amended by vacating the conviction for unauthorized use. *State v. Cloutier,* 286 Or 579, 603, 596 P2d 1278 (1979).

As to the theft conviction, defendant contends that the trial court erred in denying his motion for a directed verdict of acquittal, which was based on his contention that there was no evidence which tended to connect him to the crime other than the uncorroborated testimony of two accomplices who testified against him.

According to the testimony of the two accomplices, defendant assisted them in carrying out the theft of a 1977 Chevrolet Blazer and subsequently helped one of the accomplices to put the cab of his 1949 GMC truck onto the Blazer frame and to do some welding. According to the accomplices, defendant allowed them to store parts of the stolen vehicle in his shed and rented cutting equipment for one of them.

ORS 136.440(1) provides:

"(1) A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant

[881]

with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission."

This statute is satisfied by entirely circumstantial evidence, and the corroboration need not be adequate in itself to support a conviction if it "fairly and legitimately tends to connect the defendant with the commission of the crime." *State v. Brake,* 99 Or 310, 195 P 583 (1921). *See also, State v. Caldwell,* 241 Or 355, 405 P2d 847 (1965) and *State v. Lehnherr,* 30 Or App 1033, 569 P2d 54 (1977).

The following evidence from sources other than the two accomplices tended to corroborate the testimony of the accomplices: A 1977 Chevrolet Blazer was stolen on October 3, 1978. Parts of the stolen vehicle were found in a shed on defendant's property, and its camper shell was burned on his property. On October 15, 1978, defendant went to Rogue River Rentals in the stolen vehicle and rented a cutting torch kit. A photograph of defendant shows him standing, with welding equipment, next to the stolen vehicle, which was subsequently altered from its original form.

In light of the above corroborative evidence, we find that the trial court did not err in denying defendant's motion for a directed verdict.

Defendant further assigns as error the following language from the sentencing order:

"* * * * *

"IT IS FURTHER ORDERED that execution of sentence be suspended five (5) years, provided the defendant:

"* * * * *

"Make restitution in the sum of $10,168.00, or an amount to be determined by the victim assistance officer, payable to victim, through the Clerk of the Court within 5 years;

"* * * * *."

Defendant argues that the term "victim" is ambiguous and may be read as granting restitution to the

victim's insurer. We find no ambiguity. The owner of the stolen vehicle is the "victim" and restitution will be paid to him. The fact that the owner may be contractually bound to pass on the payments to his insurer does not alter the validity of the order; "[t]he reparation statute is a rehabilitative tool of the criminal law; its applicability should not be affected by the happenstance of whether the owner carries insurance." *State v. Getsinger,* 27 Or App 339, 342 at n 1, 556 P2d 147 (1976).[1] The trial court did not err in ordering restitution for the victim.

Defendant further contends that the trial court was not authorized to delegate its authority for setting the amount of restitution to the victim assistance officer. We agree. *State v. Johnson,* 39 Or App 711, 593 P2d 1216 (1979). We accordingly reverse and remand for the trial court to set a definite amount of restitution and for vacation of the unauthorized use conviction.

Affirmed in part; reversed and remanded in part for resentencing.

---

[1] *State v. Getsinger, supra,* held that restitution could not be ordered directly to an insurer. We make no decision as to whether such an order could be made under a 1977 addition to the restitution statutory scheme which defines a "victim" as "any person whom the court determines has suffered pecuniary damages as a result of the defendant's criminal activities." ORS 137.103(4).