## PEOPLE v BOND

Docket No. 47286. Submitted May 13, 1980, at Lansing.—Decided July 23, 1980.

Eric L. Bond was convicted, on his plea of guilty, of negligent homicide, Eaton Circuit Court, Hudson E. Deming, J. Defendant was placed on probation, a condition of which was that he pay to the decedent's insurer, as restitution, the amounts the insurer had paid for funeral expenses and damage to the decedent's automobile. Defendant appeals, alleging that it was improper to impose payment of restitution to a crime victim's insurer. *Held:*

The probation statute allows restitution to the person or persons injured or defrauded. The sentencing judge was free to fashion a just remedy and, in keeping with the liberal interpretation of the probation statute intended by the Legislature, restitution to an insurer of a victim may properly be ordered.

Affirmed.

1. Criminal Law — Sentencing — Probation — Restitution — Insurers.

   A sentencing judge, when sentencing a defendant to probation, is free to fashion a just remedy including the imposition of restitution as a condition of probation; payment of restitution to a victim's insurer is a proper condition of probation as long as the purpose of that payment and the manner in which it was determined is set forth in the record.

2. Criminal Law — Sentencing — Probation — Restitution — Reparation — Statutes.

   Restitution, for purposes of the statute governing the imposition of probation, includes reparation (MCL 771.3[3]; MSA 28.1133[3]).

---

References for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law §§ 565, 565.3.

Propriety of condition of probation which requires defendant convicted of crime of violence to make reparation to injured victim. 79 ALR3d 976.

[2] 73 Am Jur 2d, Statutes § 299 *et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *C. Sherman Mowbray,* Assistant Prosecuting Attorney, for the people.

*Smith Brothers Law Office, P.C.,* for defendant on appeal.

Before: D. F. WALSH, P.J., and BASHARA and K. B. GLASER,* JJ.

K. B. GLASER, J. Defendant was convicted of negligent homicide, contrary to MCL 750.324; MSA 28.556, on his plea of guilty. The charges against him arose from an auto accident which caused the death of the driver of another vehicle. As a condition of his probation, defendant was ordered to pay decedent's insurance company, as restitution, $3,400 automobile damage and $745 funeral expenses which had been paid to decedent's estate by that company. Defendant appeals as of right.

On appeal, defendant argues that restitution, as used in the probation statute, MCL 771.3(3); MSA 28.1133(3), is limited to compensation of direct victims of a crime; not indirect victims such as decedent's insurance company.

Thus, the question is whether decedent's insurance company is a person injured within the meaning of the statute. The resolution of that quesion depends on the intent of the Legislature in enacting MCL 771.3(3); MSA 28.1133(3). It provides, in relevant part:

"The court may impose other lawful conditions of probation, including restitution in whole or in part to the person or persons injured or defrauded, as the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

circumstances of the case may require or warrant, or as in its judgment may be proper."

In *People v Pettit,* 88 Mich App 203; 276 NW2d 878 (1979), this Court held that funeral and automobile expenses are proper subjects of restitution. The Court said:

"The circuit judge was within his statutory sentencing authority in imposing restitution as a condition of probation. The Michigan Legislature has expressly announced its intent that the granting of probation is a matter of grace. Sentencing judges are given wide latitude in setting the conditions of probation. Only if those conditions are unlawful will this Court disturb the sentencing judge's determination." *Pettit, supra,* 205. (Citations omitted.)

We conclude that the language of the statute in setting restitutional limits "as the circumstances of the case may require or warrant, or as in its judgment may be proper" as well as the broad discretion as to costs, indicates an intent that the sentencing judge should be free to fashion a just remedy under all the conditions.

In *Pettit, supra,* 207, the Court held that as to causation it was sufficient if there was "persuasive support in the record for the sentencing judge's conclusion". That standard is equally applicable to the question of the identification of "the person or persons injured or defrauded". This is consistent with the liberal interpretation intended by the Legislature so long as the purpose of that payment and the manner in which it was determined is set forth. This has been done in the instant case.

Defendant also argues that the lower court's action is more consistent with the term reparation than restitution. As noted in *People v Pettit, su-*

*pra,* 205, fn 1, in Michigan, for purposes of the probation statute, restitution includes reparation.

We hold that the order of restitution in the present case was not unlawful or an abuse of discretion.

Affirmed.