JOSEPH WESLEY MONTGOMERY *v.* STATE OF
MARYLAND

[No. 136, September Term, 1980.]

*Decided December 21, 1981.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

*Gary E. Blair* for appellant.

*Richard B. Rosenblatt, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court. SMITH and DIGGES, JJ., concur in part and dissent in part. SMITH, J., filed an opinion at page 164 *infra,* concurring in part and dissenting in part, in which DIGGES, J., concurs.

This case presents the question whether, under Maryland Code (1957, 1976 Repl. Vol., 1981 Cum. Supp.), Art. 27, § 640, a defendant convicted of a crime where property has been taken or damaged can, without his consent, be ordered to make restitution, not only to the owner of the property,

but also to a third party payor such as the owner's insurer, a private insurance company.

On 25 June 1979, in the Circuit Court for Prince George's County, the appellant, Joseph Wesley Montgomery (defendant), pleaded guilty to one count of storehouse breaking. On 15 November 1979, he was sentenced to a term of five years. Execution of sentence was suspended and the defendant was released on probation for a period of five years. The defendant was ordered to pay restitution, in the amount of $862.30, to the Potomac Iron Works (owner), the owner of the property taken or damaged. In addition, the order said:

> "Restitution to Maryland Casualty Insurance Company [owner's insurer] will remain open until proof of loss is presented to the Court."

On 13 May 1980, the State filed a "Motion for a Restitution Hearing." The defendant filed a "Motion Ne Recipiatur" on the ground, among others, that the insurer was not a "victim" entitled to restitution under Art. 27, § 640. That motion was denied. On 7 July 1980, after a hearing, the trial court entered an "Order for Restitution" requiring that the defendant pay restitution, in the amount of $11,595.19, to the owner's insurer.

The defendant appealed to the Court of Special Appeals.[1] We issued a writ of certiorari before consideration by that Court. We shall affirm the judgment of the trial court except as to the sentence imposed.

The relevant provisions then applicable of Md. Code (1957, 1976 Repl.Vol., 1980 Cum.Supp.), Art. 27, § 640 [2] provided in pertinent part:

---

1. The record here shows that a final appealable judgment was not entered until 7 July 1980. A judgment or order of a court is final when it determines or concludes the rights of parties. Langworthy v. State, 284 Md. 588, 597, 399 A.2d 578, 583 (1979), *cert. denied*, 450 U.S. 960, 101 S.Ct. 1419 (1981); Warren v. State, 281 Md. 179, 183, 377 A.2d 1169, 1171-72 (1977); Boteler v. State, 7 G. & J. 109, 112-13 (1835); Md. Code (1974, 1980 Repl.Vol.) § 12-101(f) and § 12-301 of the Courts and Judicial Proceedings Article.

2. Chapter 160, 1981 Laws of Maryland, effective 1 July 1981, inapplicable here, amended § 640.

158

"(b) . . . *Upon conviction for a crime where property of another has been stolen, converted, unlawfully obtained, or its value substantially decreased as a direct result of the crime,* or where the victim suffered actual medical expenses, direct out of pocket losses, or loss of earning as a direct result of the crime, *the court may order the defendant to make restitution* in addition to any other penalty provided for the commission of the crime.

"(c) . . . When an order of restitution has been entered pursuant to subsection (b), *compliance with the order may be made as a sentence or condition of probation or parole.*

"(d) . . . (1) Restitution is made by the defendant to the division of parole and probation of the county in which he was convicted under the terms and conditions of the order for restitution.

"(2) The Division shall keep records of any payments or return of property in satisfaction of the order.

"(3) *The Division shall forward any property or payments to the victim of the crime.*

. . .

"(e) . . . *When a defendant fails to make restitution* as ordered, the Division shall notify the court. *The court may hold a hearing to determine if the defendant is in contempt of court or has violated the terms of the probation or parole.*

"(f) . . . *An order of restitution may not preclude the owner of the property* or the victim who suffered personal physical or mental injury or out of pocket loss of earnings or support *from proceeding in a civil action to recover damages from the defendant.* A civil verdict shall be reduced by the amount paid under the criminal restitution order." (Emphasis added.)

While § 640 (b) establishes in part that under certain

circumstances the trial court may order restitution, it does not expressly designate the class of persons to whom restitution should be made where property has been taken or damaged. Section 640 (d) (3), however, specifies that property or payments made in satisfaction of an order of restitution shall be forwarded to "the victim of the crime." Although the term "victim" is not expressly defined, there can be no question that an owner of property taken or damaged is a "victim of the crime" and, therefore, entitled to restitution. In the absence of an express definition of the term "victim," whether the owner's insurer is "a victim of the crime" entitled to restitution remains unclear.

The cardinal rule of statutory construction is to ascertain and effectuate the actual intent of the Legislature. In determining this legislative intent, the court may consider the statute's legislative history and should construe together and harmonize all statutory provisions relating to the same subject matter. In addition, the court must consider the statute's purpose. *State v. Loscomb,* 291 Md. 424, 429, 435 A.2d 764, 767 (1981); *Unnamed Physician v. Commission on Medical Discipline,* 285 Md. 1, 10, 400 A.2d 396, 401, *cert. denied,* 444 U.S. 868, 100 S.Ct. 142 (1979); *Frazier v. Warfield,* 13 Md. 279, 301-02 (1859).

A review of the legislative history of Art. 27, § 640 indicates that its purpose was to accord restitution exclusively to the owners of property taken or damaged. As early as 1809, the Legislature enacted Chapter 136 of the Laws of Maryland that provided that persons convicted of certain crimes "shall restore the thing taken to the owner or owners thereof, or shall pay him, her or them, the full value thereof...."[3] That statute additionally provided two methods of enforcement in cases where immediate restoration or reparation was not fully made "to the party

---

3. Among the crimes for which restitution could be ordered were: burglary; larceny; robbery; "breaking into any shop, storehouse, tobacco-house or warehouse ... and stealing from thence any money, goods or chattels, to the value of one dollar, or upwards"; "stealing, taking and carrying away any horse, mare, gelding, colt, ass or mule"; "stealing any ship, sloop or other vessel, of seventeen feet keel, or upwards."

injured." The court could issue execution on the convicted person's property for the estimated value of the property taken,[4] and the injured party could maintain a civil action for the recovery of the property or its value. Thus, the statutory scheme as originally enacted establishes that, in cases involving property taken or damaged, restitution was intended to be paid exclusively to the owner of the property who was the "injured party."

Essentially this same statutory scheme is still in effect today. For example, a person convicted of robbery "shall restore the thing robbed or taken to the owner, or shall pay to him the full value thereof." Md. Code (1957, 1976 Repl.Vol.), Art. 27, § 486. Similarly, a person convicted of theft "shall restore the property taken to the owner or pay him the value of the property and services." Md. Code (1957, 1976 Repl.Vol., 1981 Cum.Supp.), Art. 27, § 342.[5] Moreover, until 1977, the mechanisms of enforcement remained the same. If restitution was not made to the "party injured," the court could issue execution and the injured party could maintain a civil action for the recovery of the property or its value. Md. Code (1957, 1976 Repl.Vol.), Art. 27, § 637. In the absence of any expression of legislative intent to broaden the definition of the terms "owner," or its contextual synonym "party injured," the present statutes, like their predecessors, establish that the Legislature intended restitution to be made exclusively to the owner of the property taken or

---

4. Section XXIII, 1809 Laws of Md., provided:

"And Be It Enacted, *That in all cases where restitution or reparation is adjudged to be made to the party injured,* and immediate restitution or reparation is not fully made, the court before whom the offender is convicted shall, *at the instance of the party injured,* issue execution against the property of such convicted person, *in the name of the person injured,* for the value of the property taken, or so much thereof as is not restored, such value to be estimated by the said court; provided, that nothing herein contained shall be construed to extend to deprive *the party injured* from having and maintaining a civil action against such offender, either before or after conviction, or against any other person, for the recovery of the money received or property taken, or the value thereof." (Emphasis added.)

5. For further illustrations, *see, e.g.,* Md. Code (1957, 1976 Repl.Vol., 1981 Cum.Supp.), Art. 27, §§ 33A, 143, 207, 230A, and 230D.

damaged, who is the "party injured," and not to third party payors, such as private insurance companies.

Section 640 of Art. 27, enacted in 1977 by Chapter 581 of the Laws of Maryland, effective 1 July 1977, expanded the applicability and enforcement of the previously existing law. This section was enacted "for the purpose of providing that a court may order a criminal defendant to make restitution of certain losses sustained by a victim or certain property owned by a victim." It expanded the applicability of the statutory scheme by empowering the court to order restitution for losses, not only where property had been taken or damaged, but also where the victim had suffered physical injury. It expanded the enforcement of the statutory scheme by enabling the trial court to order restitution, not only as a part of the sentence, but also as a condition of probation or parole. In addition, upon a failure to make restitution, the court was authorized, not only to issue execution, but also to hold the convicted defendant in contempt of court or in violation of the terms of probation or parole. The right of the "victim" to proceed in a civil action to recover damages from the defendant remained unimpaired.

Although the addition of § 640 expanded the scope of the previously existing law, it did not alter the basic statutory scheme with respect to restitution for losses resulting from the taking or damaging of property. Indeed, the crimes for which restitution may be ordered where property is taken or damaged under § 640 are of essentially the same character as those for which restitution could be ordered under previously existing law. In the absence of an express definition of the term "victim," and in the absence of any expression of legislative intent to broaden the definition of the term "owner," or its contextual synonym, "party injured," we can only conclude that the term "victim," in the statute applicable here, is limited exclusively to the owner of the property taken or damaged and does not include third party payors, such as private insurance companies.

This conclusion is supported by the most recent amendment to § 640, enacted by Chapter 160 of the 1981 Laws of Maryland, effective 1 July 1981. That section, as amended,

expands the applicability of the statute by authorizing the court to order restitution "if as a direct result of the crime, the victim incurred medical expenses that were paid by the Department of Health and Mental Hygiene or any other governmental entity. . . ." [6]

This amendment, in which the Legislature expressly differentiated between a "victim" and a third party payor, constitutes the only occasion upon which the Legislature has authorized courts to order restitution to a third party payor. It is important to note that in enacting this amendment, the Legislature did not authorize courts to order restitution to third party payors for payments made where property was taken or damaged, but limited restitution to third party payors for payment of medical expenses incurred as a result of personal injury. In addition, the class of third party payors to which restitution could be made was limited to governmental entities and did not include other classes of third party payors, such as private insurance companies. Under these circumstances, the maxim *"expressio unius est exclusio alterius"* — the expression of one thing is the exclusion of another — applies. *Gay Inv. Co. v. Comi,* 230 Md. 433, 438, 187 A.2d 463, 466 (1963). Stated another way, when a statute designates the parties granted a right, only such parties as are designated have the right and all omissions should be understood as exclusive. *American Sec. & Trust Co. v. New Amsterdam Cas. Co.,* 246 Md. 36, 41, 227 A.2d 214, 216-17 (1967); *Thanhauser v. Savins,* 44 Md. 410, 414 (1876); 2A, Sutherland, *Statutory Construction,* § 47.23

---

**6.** Md. Code (1957, 1976 Repl.Vol., 1981 Cum.Supp.), Art. 27, § 640 (b), as amended, provides in pertinent part:

"Upon conviction for a crime where property of another has been stolen, converted, unlawfully obtained, or its value substantially decreased as a direct result of the crime, or where the victim suffered actual medical expenses, direct out of pocket losses, or loss of earning as a direct result of the crime, *or if as a direct result of the crime, the victim incurred medical expenses that were paid by the Department of Health and Mental Hygiene or any other governmental entity,* the court may order the defendant to make restitution in addition to any other penalty provided for the commission of the crime. *Payment of restitution to the victim under this subsection has priority over payment of restitution to the Department or any other governmental entity."* (Emphasis added.)

(4th ed. C.Sands 1973). Thus, this amendment supports the conclusion that under § 640 the Legislature intended restitution for loss resulting from the taking or damaging of property to be made exclusively to the owner of the property and not to third party payors, such as private insurance companies.

We now hold that under Art. 27, § 640 a defendant convicted of a crime cannot be ordered to make restitution to a third party payor such as the insurer of an owner of property taken or damaged. Such a result is consonant with the legislative history and purpose of § 640. Courts in some other jurisdictions that have considered the same or similar question under similar statutes agree. *See, e.g., People v. Grago,* 24 Misc.2d 739, 204 N.Y.S.2d 774, 777-78 (Oneida County Ct. 1960); *State v. Stalheim,* 275 Or. 683, 688-90, 552 P.2d 829, 832 (1976); *State v. Rose,* 45 Or.App. 879, 609 P.2d 875, 876-77 (1980); *State v. Getsinger,* 27 Or.App. 339, 341-42, 556 P.2d 147, 148 (1976). *But see, e.g., People v. Alexander,* 182 Cal.App.2d 281, 6 Cal.Rptr. 153, 160-61 (1960); *People v. Bond,* 99 Mich.App. 86, 87-89, 297 N.W.2d 620, 621 (1980); *State v. Green,* 29 N.C.App. 574, 577-79, 225 S.E.2d 170, 173-74 (1976).

Here the trial court erred in entering the order of 7 July 1980 imposing the requirement, without the defendant's consent, that he pay restitution to the owner's insurer. Accordingly, we shall affirm the trial court's judgment except as to the sentence imposed and remand the case for resentencing.[7]

> *Judgment of the Circuit Court for Prince George's County affirmed except as to the sentence imposed.*
>
> *Sentence vacated and case remanded for resentencing in accordance with this opinion.*
>
> *Costs to be paid by Prince George's County.*

---

**7.** In light of this decision, we need not consider the appellant's remaining contentions including the contention that the trial court's order

*Smith, J., concurring in part and dissenting in part:*

Since I am of the view that the judgment here should be affirmed, I dissent from that portion of the opinion indicating that the judgment is to be affirmed "except as to the sentence imposed."

It is undisputed here that Maryland Casualty Company stands in the shoes of the victim. I suspect strongly from some prior experience in such matters that there is a policy provision here specifically providing that upon payment to the assured of the damages which he has sustained, his claims against the culprit are assigned to his insurance company. If there is any doubt about this, the case could be remanded to determine that fact.

As recently as when the Unsatisfied Claim and Judgment Fund was created by Ch. 836 of the Acts of 1957, the failure to exclude subrogees was interpreted by bench and bar generally as permitting subrogation. Then the General Assembly enacted Chs. 438 and 439 of the Acts of 1961 amending Maryland Code (1957) Art. 66½, §§ 159 (g) and 159 (*l* ), stating specifically that subrogation claims were excluded. We have no similar exclusionary provision here. In the absence of such, I am of the view that the common sense understanding of the term "victim" would include an insurance company to whom the claim has been assigned by right of subrogation.

I am authorized by Judge Digges to say that he concurs in the views here expressed.

_____

of 7 July 1980 constituted an increase in sentence and, therefore, violated Md. Rule 774 b.