471 A.2d 730

Dennis A. SPIELMAN and Connie L. Spielman (Shorb)

v.

STATE of Maryland.

No. 54, Sept. Term, 1983.

Court of Appeals of Maryland.

March 7, 1984.

George E. Burns, Jr., Asst. Public Defender, Baltimore (Alan H. Murrell, Public Defender, Baltimore, on the brief), for appellants.

Richard B. Rosenblatt, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

COUCH, Judge.

In *Montgomery v. State,* 292 Md. 155, 438 A.2d 490 (1981), we held that under Maryland Code (1957, 1976 Repl.Vol., 1980 Cum.Supp.), Article 27, § 640, a defendant convicted of a crime could not be ordered to make restitution to a third party payor, such as private insurance companies. In appar-

ent response to that ruling the Legislature, by Chapter 477, Laws of 1982, effective July 1, 1982, specifically provided that such an order could be made to provide for payment to third party payors, if they have made payment to the victim to compensate for the loss.[1]

The question now before us is whether the statute, as amended, may be applied to a criminal case where the offense was committed prior to July 1, 1982 but the sentencing took place thereafter. We hold that the amended statute cannot be applied retroactively.

The facts giving rise to the question presented by this case are uncontradicted. The case proceeded in the Circuit Court for Carroll County on an agreed statement of facts. Essentially, that statement demonstrated that the appellants engaged in five instances of malicious destruction of property in violation of Maryland Code (1957, 1982 Repl.Vol.), Article 27, § 111.[2] Monetary damages were shown as to the indi-

---

1. Md.Code (1957, 1982 Repl.Vol., 1983 Cum.Supp.), Art. 27, § 640, now reads in pertinent part:

 (b) Restitution upon conviction of crime; priority of payment.— (1) On conviction of a crime, the court may order the defendant to make restitution in addition to any other penalty for the commission of the crime,

 &ast; &ast; &ast; &ast; &ast; &ast;

 (2) The court may order that restitution be made to:

 (i) The victim;

 (ii) The Department of Health and Mental Hygiene or other governmental entity; or

 (iii) A third-party payor, including an insurer, which has made payment to the victim to compensate the victim for a property loss under paragraph (1)(i) of this subsection, or pecuniary loss under paragraph (1)(ii) of this subsection.

 (3) If the victim has been fully compensated for the victim's loss by a third-party payor, the court may order restitution to the third-party payor. Otherwise, payment of restitution to the victim has priority over payment of restitution to the third-party payor.

2. Md.Code (1957, 1982 Repl.Vol.), Art. 27, § 111 provides:

 § 111. Destroying, injuring, etc., property of another.

 Any person who shall wilfully and maliciously destroy, injure, deface or molest any real or personal property of another shall be deemed guilty of a misdemeanor and, upon conviction thereof, shall be subject to imprisonment for a period of not more than

vidual owners, as well as their respective insurance companies. Upon finding appellants guilty the court sentenced each defendant to consecutive six month sentences on each count. Pursuant to an agreement between appellants and the state, which the court accepted, these sentences were suspended and appellants placed on supervised probation for three years. The court also ordered restitution to be made to the individual property owners and their insurers as a special condition of probation. While no specific objection was made to the restitution order, appellants' counsel did raise the question with the court whether the amended statute could be applied retroactively.

The appellants contend that the retroactive application of the amended provisions of Art. 27, § 640(b), is violative of state and federal constitutional *ex post facto* prohibitions since the date of their offenses preceded the effective date of the amendments to the statute. On the other hand, the state argues that the amendment was a purely procedural matter and prospective application is warranted. The state also contends that restitution is not punishment and thus any change in the restitution scheme does not violate the *ex post facto* prohibition. Alternatively, the state argues that even if restitution is punishment, the amendment did not increase the punishment but rather affected to whom the restitution was payable.

(1)

It is first argued by the state that since the amendment only determined who was a proper payee with respect to a restitution order, it dealt with a purely procedural matter and thus retrospective application was warranted, relying on *State Commission on Human Relations v. Amecom Div.,* 278 Md. 120, 360 A.2d 1 (1976) and *Janda v. General Motors,* 237 Md. 161, 205 A.2d 228 (1964).

---

three years or to a fine not more than $2,500, or to both imprisonment and fine.

 There is "no absolute prohibition against retroactive application of a statute." *Amecom, supra* at 123, 360 A.2d at 4. The question whether a statute operates retrospectively, or prospectively only, ordinarily is one of legislative intent. In determining such intent this Court has repeatedly stated, "[t]here is a general presumption in the law that an enactment is intended to have purely prospective effect. In the absence of clear legislative intent to the contrary, a statute is not given retrospective effect." *Traore v. State,* 290 Md. 585, 593, 431 A.2d 96, 100 (1981). *See also Amecom, supra* at 124, 360 A.2d at 4; *State Farm Mutual Automobile Ins. Co. v. Hearn,* 242 Md. 575, 582, 219 A.2d 820, 824 (1966). The amended statute under consideration here does not contain a clear expression of intent that it operate retrospectively. Nevertheless, this does not end our inquiry into the operation of the statute since statutory changes affecting procedure only, and not substantive rights, would apply to all actions, "whether accrued, pending or future, unless a contrary intention is expressed." *Janda, supra,* at 168, 205 A.2d at 232 (citation omitted).

 In arguing that the amended statute should be applied retroactively, the state contends that the amendment merely gave the court authority to order payment directly to insurance companies, and thus it only established a procedural mechanism affecting the remedy involved and did not affect substantial rights. We do not agree. In *Amecom, supra,* we stated that an act is remedial or procedural in nature "when it provides only for a new method of enforcement of a preexisting right." *Id.* at 125, 360 A.2d at 5. There we found the act did not simply constitute a "new method for enforcement of the undetermined right, but . . . instead [was] deemed itself to create in effect a new substantive right." *Id.* There had been no determination of a preexisting right, therefore, the statute was held to apply prospectively. Likewise, in the instant case we view the amended statute, providing for restitution payment to third party payors, as creating a right in them not existing under

the previous statute and, therefore, one of substance and not procedure.

■ In addition to the creation of a substantive right, the cases applying rules of statutory construction to determine legislative intent speak of interference with substantive rights. In our view nothing is more substantive than the rights guaranteed by our State and Federal Constitutions.

### (2)

■ In *Janda,* it was made clear that a statute will not be applied retrospectively so as to violate the constitutional provisions against *ex post facto* laws.[3] An *ex post facto* law is one which imposes additional punishment to that prescribed when a criminal act was committed. *Calder v. Bull,* 3 U.S. (3 Dall.) 386, 1 L.Ed. 648 (1798); *Beard v. State,* 74 Md. 130, 21 A. 700 (1891). In *Beazell v. Ohio,* 269 U.S. 167, 46 S.Ct. 68, 70 L.Ed. 216 (1925), the Supreme Court stated:

> It is settled, by decisions of this court so well known that their citation may be dispensed with, that any statute which punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with a crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto.*

*Id.* at 169–70, 46 S.Ct. at 68, 70 L.Ed. at 217. The critical question in this appeal, therefore, is whether the new statutory provision imposes a greater punishment for the offense

---

**3.** "No ... ex post facto Law shall be passed." U.S. Const. Art. I, § 9.

"No state shall ... pass any ... ex post facto Law ...." U.S. Const. Art. I, § 9.

"[R]etrospective Laws, punishing acts committed before the existence of such Laws, and by them only declared criminal, are oppressive, unjust and incompatible with liberty; wherefore no *ex post facto* Law ought to be made; nor any retrospective oath or restriction be imposed or required."

Md. Const., Declaration of Rights, Art. 17.

or makes it more burdensome, thereby operating to the detriment of the defendant. The enhancement of a penalty is just as onerous as the creation of a penalty. *Calder v. Bull, supra.*

■ The state contends that the amended statute does not violate the prohibitions against *ex post facto* laws because restitution is not punishment, conceding that if it is punishment then it is subject to the prohibitions. Appellee attempts to support this argument with two cases, contending they were decided under analogous circumstances. In *Ivory v. Wainwright,* 393 So.2d 542 (Fla.1980), *appeal dismissed,* 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981), the Florida Supreme Court disposed of the *ex post facto* argument by summarily concluding that the statute permitting the assessment of the cost of a prisoner's subsistence upon the prisoner is not punitive. However, we decline to follow a ruling based on undetermined reasoning. Neither do we find *Tri-County Landfill Co. v. Illinois Pollution Control Board,* 41 Ill.App.3d 249, 353 N.E.2d 316 (1976), to compel appellee's position. There, a landfill company had caused and was continuing to cause water pollution. The company was ordered to remedy the harm it caused and the court held this did not violate the *ex post facto* prohibition. The court gave several reasons for its ruling including the fact that this was not a criminal sanction. Since the landmark case of *Calder v. Bull, supra,* the Supreme Court has consistently stated that only laws of a criminal nature can amount to *ex post facto* laws within the meaning of the provisions of the United States Constitution prohibiting such enactments. Likewise, in Maryland, "the prohibition of *ex post facto* laws applies only to criminal cases. There is no clause in the Maryland Constitution prohibiting retrospective laws in civil cases." *Braverman v. Bar Association of Baltimore,* 209 Md. 328, 348, 121 A.2d 473, 483, *cert. denied,* 352 U.S. 830, 77 S.Ct. 44, 1 L.Ed.2d 51 (1956); *see Corley v. Moore,* 236 Md. 241, 203 A.2d 697 (1964). What appellee would have us decide is that restitution is not punishment but rather a

non-penal remedy, thereby placing the sanction outside the *ex post facto* prohibition.

■ Appellee principally relies on *Coles v. State,* 290 Md. 296, 429 A.2d 1029 (1981), in contending that restitution is not punishment. Although in *Coles* we did discuss the rehabilitative effect of restitution, we did not hold that restitution was not punishment. As a matter of fact, we stated that a sentence which ordered restitution was "one of the . . . permissible measures from which the judge could draw in shaping a particular declaration of penalty." *Id.* at 307, 429 A.2d at 1034. Moreover, there is a clear indication in the language of the statute under which restitution is authorized that restitution constitutes a form of punishment. Article 27, § 640(b) expressly permits an order for restitution in addition to any other penalty.

■ It hardly can be contended that one who has been ordered to pay restitution, as a condition of probation, and is subject to revocation of that probation for failure to make payment, has not received punishment. This being so, it necessarily follows that the amended statute makes the punishment for the crime more burdensome for appellants than it was when the crime was committed. Therefore, the statute as amended can only be applied prospectively, otherwise it is an *ex post facto* law.

### (3)

Finally the state argues even if restitution is punishment the amendment did not increase the punishment because it did not affect the amount of restitution, but rather only affected to whom the restitution award was payable; thus the amendment is not an *ex post facto* law. We disagree. After, and pursuant to, *Montgomery,* appellants' monetary exposure was limited to those damages suffered by the individual property owners, and defendants could not be ordered to pay restitution to the owners' insurer.

■ Having determined that restitution of these amounts was punishment, it follows that to require the appellants to

pay restitution in far greater amounts to the third party payors is to increase that punishment. In *Beard v. State, supra,* we were confronted with a statute that increased the common law penalty for his criminal conduct. In stating that Beard could not be punished under the statute we defined an *ex post facto* law. "A law which punishes that which was innocent when done; or *adds to the punishment of that which is criminal;* or increases the malignity of a crime, is an *ex post facto* law." *Id.* at 132, 21 A. at 701. (Emphasis added).

Accordingly, we hold that the trial court erred in its restitution order.

JUDGMENT VACATED AND CASE REMANDED FOR THE ENTRY OF A JUDGMENT IN ACCORDANCE WITH THIS OPINION.

COSTS TO BE PAID BY CARROLL COUNTY.