Virginia CILENTO et al.

v.

B. T. CREDIT CO., INC. t/a BankAmeri-
card of New York.

Civ. No. B–76–841.

United States District Court,
D. Maryland.

Jan. 5. 1977.

David S. Goldberg, Alan B. Henderson, Gary Huddles, Baltimore, Md., for plaintiffs.

Robert H. Bouse, Jr., Baltimore, Md., for defendant.

## MEMORANDUM AND ORDER

BLAIR, District Judge.

Plaintiffs in this diversity action sue under *Annotated Code of Maryland,* Commercial Law Article §§ 14–202 and 14–203, formerly Article 83, § 167, for harassment by the defendant creditor in violation of the cited statutory provisions. Defendant has moved to dismiss the complaint as a whole and as respects the prayer for punitive damages.[1]

The motion is wholly without merit regarding the complaint as a whole. It clearly states a cause of action. *Code,* sections cited *supra.*

As to punitive damages, however, the motion is meritorious. The statutory language is clear: one who violates the statute "is liable for any damages *proximately* caused by the violation . . . ." *Code,* Commercial Law Art. § 14–203. Proximate cause is a term of art allowing recovery for those injuries which a tortfeasor actually causes, subject to limitations imposed by the law upon the recovery of damages deemed too remote to justify the imposition of liability therefor. Damages proximately caused are compensatory; they are intended to compensate the victim for injury actually incurred and caused by the tortfeasor.

Punitive damages are of a wholly different nature. They are imposed to punish tortious conduct considered particularly reprehensible because motivated by malice and intended (typically) to cause the ultimate harm.

1. Pursuant to Local Rule 6 the court finds a hearing unnecessary.

The distinction is so clear between punitive and proximately caused damages that the legislative choice of the words "damages proximately caused" can mean nothing else than that the Maryland legislature must have intended to allow the recovery only of proximately caused damages to the exclusion of punitive damages. *See American Security and Trust Co. v. New Amsterdam Casualty Co.,* 246 Md. 36, 227 A.2d 214, 216–17 (1967).

 In diversity cases, this court is bound to apply the law of Maryland as it finds that law in the pronouncements of the state's highest court and the statutory enactments of the state legislature, giving due but not conclusive regard to the opinions of lower state courts. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967); C. Wright, Federal Courts § 58 at 269–70 (1976). The only elucidation by the state courts on the present subject comes from Judge Jones of the Superior Court of Baltimore City. According to defendant's memorandum in support of its motion, Judge Jones has twice ruled that punitive damages are *not* recoverable under the statute in question. In one of those cases, Judge Jones apparently merely sustained a demurrer as to punitive damages, but in the other, *Crosby v. Henry W. Checket & Co., Inc.,* File 6050, Docket 1975, Folio 1010, Judge Jones gave a brief written ruling stating, *inter alia,* "punitive damages are not in the category of damages 'proximately caused' by violation of the statute."

As indicated above, this court believes such is the proper construction of the instant statute, and the one which the Maryland Court of Appeals would apply. Judge Jones' opinion being the only Maryland case law drawn to this court's attention and this court being in agreement therewith, it is this 5th day of January, 1977 by the United States District Court for the District of Maryland, ORDERED:

That defendant's motion to dismiss the prayer for punitive damages in this cause be, and the same hereby is, GRANTED;

That defendant's motion to dismiss be, and the same hereby is, DENIED in all other respects.