In re LA BOUCHERIE BERNARD, LTD., Debtor.

Francis P. DICELLO, Trustee, Plaintiff,

v.

DRIVERS, CHAUFFEURS & HELPERS, LOCAL UNION NO. 639, Defendant.

Bankruptcy No. 83–00108.
Adv. No. 84–0128.

United States Bankruptcy Court, District of Columbia.

June 7, 1985.

Francis P. Dicello, Hazel, Beckhorn & Haines, Washington, D.C., Trustee.

Hugh J. Beins, Beins, Axelrod & Osborne, P.C., Washington, D.C., for defendant.

## OPINION AND ORDER

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

On December 9, 1981, the defendant, Drivers, Chauffers and Helpers Local Union No. 639 (the "Union") received an arbitration award against the Debtor, La Boucherie Bernard. Subsequently, the Union brought suit to compel enforcement of the award. The United States District Court for the District of Columbia entered judgment in the Union's favor on June 9, 1982.

In January 1983, the Union received $22,984.32 from Marriott Corporation ("Marriott") in satisfaction of that judgment. These monies were owed by Marriott to the Debtor.

On February 22, 1983, the Debtor filed its Chapter 11 petition. The Trustee instituted this Adversary Proceeding seeking to avoid the transfer of monies from Marriott to the Union as preferential under 11 U.S.C. § 547. The matter is now before the Court on the Trustee's motion for summary judgment.

The other elements of a preferential transfer not being in genuine dispute between the parties,[1] the only issue before the Court is whether the transfer to the Union occurred on or within ninety days before the date of the filing of the Debtor's petition. *See* 11 U.S.C. 547(b)(4)(A). This Court previously declared, in its Order of January 15, 1985, that the date of transfer is the date on which the transferee obtained an unimpeachable right to those specific funds in accordance with local law. Order (filed January 15, 1985).[2] Consequently, the transfer of funds to the Union is voidable if the Union obtained an unim-

---

**1.** In opposition to the motion for summary judgment, the Union speciously contends that the debtor may not have been insolvent at the time of filing of the bankruptcy petition. Defendant Local 639's Opposition to Motion for Summary Judgment (filed December 5, 1984). The facts which form the basis for the Union's assertion are insufficient to rebut the statutory presumption of insolvency. 11 U.S.C. § 547(f). The thrust of the Union's contention is that, if misappropriated funds are taken into consideration, then the debtor was not insolvent at the time of filing. This argument is unavailing because the Bankruptcy Code explicitly excludes such property from the insolvency determination. *See* 11 U.S.C. § 101(29) (definition of "insolvent").

Moreover; the assertion fails to sustain the showing required by Bankruptcy Rule 7056 and Federal Rule of Civil Procedure 56(e). Other than the mere allegations contained in its Opposition, the Union has not presented any substantive evidence, in affidavit or otherwise, indicating that the presumption of insolvency should be rejected. Accordingly, the Court is obligated to presume the debtor's insolvency from November 24, 1982 and thereafter.

**2.** Creation of a lien on property constitutes a "transfer" of an interest of the debtor in that property, according to the definition of the word "transfer" in 11 U.S.C. § 101(48). Under 11 U.S.C. § 547(b), "the trustee may avoid any transfer of an interest of the debtor in property" if, *inter alia,* the transfer was made "on or within 90 days before the date of the filing of the petition ..." This Court's January 15, 1985 Order was based upon the principle that,

"[w]here personal property is involved, it is almost the universal rule [of local laws] that a mere entry of judgment does not create a lien." 4 *Collier on Bankruptcy* ¶ 547.12[2] (15th ed. 1979), p. 547–52. Rather, only some subsequent act against the property in enforcement of the judgment can give rise to a lien and hence to a preferential transfer. In this regard, some of the cases cited by the Union are distinguishable in that they rely upon the vagaries of local law. Moreover, some of the cases cited involved real property, as to which local law may provide for creation of a lien upon rendition or recordation of a judgment (*see In re La Fortune,* 652 F.2d 842 (9th Cir.1981), and *In re Jordan,* 5 B.R. 59 (Bankr.D.N.J.1980)) or for relation back of an attachment before judgment to the date the attachment was made (*see Harbor Nat'l Bank of Boston v. Sid Kumins, Inc.,* 696 F.2d 9 (1st Cir.1982)).

Other cases cited by the Union actually undercut its position. Thus, *In re Riddervold,* 647 F.2d 342, 345 (2d Cir.1981), holds that under New York law an "income execution" creates a lien upon the date of "levy on the employer." And *In re Conner,* 733 F.2d 1560, 1562 (11th Cir.1984), holds that "[u]nder Georgia law a lien attaches to garnished funds upon service of the summons of garnishment." Here, the garnishment writ was both delivered to the marshal and served upon the garnishee *within* the 90-day period. *In re Jordan, supra,* involved an arbitration award which, the court held, did not become a lien on the debtor's realty under New Jersey law until "the date of entry" of the judgment enforcing the arbitration award. 5 B.R. at 61.

peachable right to the $22,984.32 on or after November 24, 1982, the date ninety days prior to the filing of the debtor's bankruptcy petition.

There is a dispute between the parties over which local law governs, that of the District of Columbia or that of Maryland.[3] Resolution of this dispute is unnecessary because it is not dispositive of the issue before the Court. Whether District of Columbia law or Maryland law is applied, the Union's lien attached to the funds owing to the Debtor within the ninety day preferential transfer period.

Under District of Columbia law, a judgment lien attaches to personalty upon delivery of a writ to the marshal. D.C.Code Ann. §§ 15–307 and 16–507 (1981). Hence, if District of Columbia law applies, then the transfer date was December 30, 1982, the date the writ was delivered to the Marshal. Under Maryland law, a writ of execution, by which property held by a garnishee is reached, becomes a lien on personal property once actual levy is made. Md.Cts. & Jud.Proc.Code Ann. §§ 11–403 and 11–602 (Repl.Vol.1984). Here, the writ was actually levied when served on Marriott on January 25, 1983. Either date is well within the ninety day preference period. Hence, the payment of $22,984.32 from Marriott to the Union is a voidable, preferential transfer under section 547(b)(4)(A).

NOW THEREFORE IT IS ORDERED, ADJUDGED AND DECREED that the Trustee's motion for summary judgment is GRANTED, and the Trustee is entitled to recover $22,984.32 from the Union as a preferential transfer in violation of 11 U.S.C. § 547.

---

**3.** The judgment being enforced was originally a District of Columbia judgment, but it was docketed in Maryland, and execution was had by delivery of a writ to the U.S. Marshal in Maryland and service of the writ upon Marriott in Maryland.