In re NATIONAL QUICK PRINT, INC., Debtor.

NATIONAL LITHOGRAPH, INC., Movant,

v.

NATIONAL QUICK PRINT, INC., and William B. Sullivan, Trustee, Respondents.

Bankruptcy No. 88–4–2060–SD.
Motion No. 88M–1396–SD.

United States Bankruptcy Court,
D. Maryland,
at Rockville.

July 12, 1989.

Brian Seeber, Washington, D.C., for debtor, respondent.

David A. Rice and Susan Garvey, Venable, Baetjer and Howard, Baltimore, Md., for Nat. Lithograph, Inc., movant.

## MEMORANDUM DECISION

E. STEPHEN DERBY, Bankruptcy Judge.

This matter raises the question of when, for preference purposes, a transfer of Debtor's personal property occurred to a creditor which levied under Maryland law. A motion for relief from the automatic stay of 11 U.S.C. § 362(a) was filed by National Lithograph, Inc. ("Lithograph"), a judgment creditor of the Chapter 7 Debtor, National Quick Print, Inc. Both the Debtor and the Chapter 7 Trustee opposed relief from the stay. The facts are not in dispute.

Debtor filed its voluntary petition on July 22, 1988. The 90th day before the filing of the petition for purposes of measuring the 11 U.S.C. § 547(b)(4) preference period was thus April 23, 1988.

On February 18, 1988, outside the 90 day preference period, the Circuit Court for Prince George's County, Maryland, entered a judgment in favor of movant, Lithograph, and against Debtor in the amount of $108,-033.69. Writs of execution were delivered to the sheriffs of Prince George's County and of Montgomery County on April 6 and April 7, 1988, respectively. Neither date was within the 90 day preference period.

On April 25, 1988, within the preference period, the Sheriff for Prince George's County levied on Debtor's personal property in Prince George's County.

In Montgomery County, on April 19, 1988, outside the preference period, the writ of execution was given back to the Sheriff, after it had been docketed in the Circuit Court for Montgomery County. Thereafter, within the preference period, the Sheriff levied on Debtor's personal property in Montgomery County on April 26, 1988.

The question is when did the transfers of Debtor's personal property occur within the meaning of 11 U.S.C. § 547(e)(1)(B). If the transfers occurred outside the preference period when the writs of execution were delivered to the sheriffs, the parties agree that Lithograph is entitled to relief from the automatic stay. If the transfers occurred when the sheriffs levied on Debtor's personal property, which was within the 90 day preference period, then the motion for relief from stay should be denied to permit a preference avoidance action to be litigated.

Section 547(e)(1)(B) provides:

(e)(1) For the purposes of this section—

\*    \*    \*    \*    \*    \*

(B) a transfer of a fixture or property other than real property is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

The Chapter 7 Trustee and the Debtor maintain that no lien was created until the sheriff levied on the property, citing Section 11–403 of the Maryland Courts and

Judicial Proceedings Article. Section 11–403 provides:

A writ of execution on a money judgment does not become a lien on the personal property of the defendant until an actual levy is made. The lien extends only to the property included in the levy.

Md.Cts. & Jud.Proc.Code Ann. § 11–403 (1984 Repl.Vol.). Therefore, the Trustee and the Debtor argue, the liens arose and became perfected, and the transfers were thus made, only at the time of the sheriffs' levies within the preference period.

Lithograph maintains that although the sheriffs' levies occurred within the preference period, the dates of perfection relate back to the dates the writs were delivered to the sheriffs before the 90 day preference period commenced. Lithograph cites as authority *Illi, Inc. v. Margolis, Trustee,* 267 Md. 30, 296 A.2d 412 (1972).

In *Illi, Inc. v. Margolis,* there were two groups of judgment creditors. Writs of *fieri facias* or *fi fa* were issued on the judgments of the first group and delivered to the constable. A levy was made before the writs' respective return dates, although no sale was conducted before the Circuit Court of Baltimore City assumed jurisdiction over the estate of a trustee for the benefit of creditors. Writs of *fi fa* were also issued on the judgments of the second group and delivered to the constable. However, levies were not made prior to the qualification of the trustee, and the writs were returned *nulla bona,* which means there was no property of debtor liable to be seized.

Maryland's Court of Appeals concluded that the first group of judgment creditors were entitled to priority, but the second group was not, although creditors in the second group could have had priority if the constable had levied before the return date, even if it was after the trustee's qualification. The Court relied upon *Harris, Tr. v. Max Kohner, Inc.,* 230 Md. 349, 187 A.2d 97 (1963). In *Harris,* a judgment creditor was awarded priority when a sheriff, who had received a writ of *fi fa* prior to the qualification of a trustee for the benefit of creditors, was met by the trustee at debt-

or's premises but still levied on the goods. The reason given was that once the levy occurred, the lien priority related back to the date the writ was delivered to the sheriff.

Lithograph contends that *Illi, Inc. v. Margolis* is still good law, and that Section 11–403, which was enacted in 1973, was intended to overrule only the holding in *American Security and Trust Company v. New Amsterdam Casualty Company,* 246 Md. 36, 227 A.2d 214 (1967). The Court's statement of the Maryland rule in *New Amsterdam* was: "... the rule is—as it has been for nearly four hundred years— that the lien of an execution has as its effective date, not the day on which the levy was actually made, but the day on which the writ of *fieri facias* was delivered to the sheriff." *Id.,* 246 Md. at 39, 227 A.2d at 215.

Lithograph's argument ignores the rationale of the relation back doctrine as enunciated in the *Illi, Inc.* and *Harris, Tr.* cases, *supra.* In *Illi, Inc.* the Court stated:

"*Upon delivery of the writ into the hands of the sheriff, an inchoate lien is created and if a proper levy is made on goods by the writ's return date a consummate lien is established which relates back to and is effective as of the date of receipt of the writ by the sheriff.* [citations omitted.] The validity of the writ continues no longer than its return date if it is not executed upon and it may expire sooner if the writ is returned without a levy." 267 Md. at 35–36; 296 A.2d at 415. (Emphasis supplied.)

Therefore, for the subject liens to relate back to the date the sheriffs received the writs of execution, it would be necessary for the liens to come into being, albeit as inchoate liens, at the time the writs were delivered to the sheriffs. Section 11–403, however, expressly denies this result. It provides that a writ of execution "... does not become a lien ... *until an actual levy is made.*" Md.Cts. & Jud.Proc.Code Ann. § 11–403 (1984 Repl.Vol.) (emphasis supplied). A lien did not arise on Debtor's personal property until the sheriffs for Prince George's and Montgomery Counties

actually levied on the property within their respective jurisdictions. Since the liens did not arise until levy, there were no liens to relate back to the earlier delivery of the writs to the sheriffs.

Section 11–403 is the third stage in an evolution of the rule concerning the effective date for judgment liens on personalty; an evolution that has provided greater protection to innocent third parties and greater deference to the notion of notice to the world. The court in *Harris v. Max Kohner, Inc., supra*, 230 Md. at 352, 187 A.2d at 98–9, described the first stage and the transition to the second stage as follows:

> "At common law, when an execution was issued, it became a lien upon and bound the debtor's goods by relation from the test-day of the writ. *Jones v. Jones*, 1 Bland 443, 448. This principle frequently worked hardship upon an innocent purchaser of goods from a judgment-debtor, who bought them in the interval between the *teste* of the writ and the day on which it was given to the sheriff to be executed. To remedy this, it was enacted in the Statute of Frauds, 29 Ch. 2, Chapter 3, Section 16, that \* \* \* no Writ of *Fiere facias* \* \* \* shall bind the Property of the Goods against whom such Writ of Execution is sued forth, but from the Time that such Writ shall be delivered to the Sheriff, Under–Sheriff or Coroners, to be executed: \* \* \*."

The second stage in the evolution of the rule concerning the effective date of judgment liens on personal property, namely, the rule under the Statute of Frauds, is represented by the rule applied in the *Illi, Inc.* and *Harris, Tr., supra*, cases. Under that rule, an innocent purchaser or creditor was at risk during the period between the time the sheriff obtained a writ of execution and the time the sheriff levied on a debtor's property. This risk was aggravated if an executing creditor requested the sheriff to delay a levy, perhaps to use it as leverage against a debtor. *See Myers Co. v. Banking & Trust Co.*, 170 Md. 198, 183 A. 543 (1936); *First National Bank v. Corp. Comm.*, 161 Md. 508, 157 A. 748 (1932).

Section 11–403 extinguishes the at-risk period by requiring that the sheriff levy before any lien arises. In enacting this section, the General Assembly did away with the relation back doctrine of the Statute of Frauds. A writ of execution becomes a lien only when a levy is made, and does not relate back. *Accord In re La Boucherie Bernard, Ltd.*, 55 B.R. 23 (Bankr.D.D.C.1985).

Since the subject liens arose when the sheriffs levied during the 90 days before the petition date, they may constitute transfers within the meaning of 11 U.S.C. § 547(b)(4)(A) which are potentially avoidable as preferences. Therefore, the automatic stay will not be lifted, so as to allow the Chapter 7 Trustee to pursue a preference action against Lithograph. An order will be filed contemporaneously herewith to implement this Memorandum Opinion.